## STATE *versus* DORR.

Where, upon an exchange of personal property, one of the parties falsely and fraudulently pretends that the property, which he is parting with, belongs to himself and is unincumbered, and at the same time affirms that he will warrant it against incumbrances, an indictment may be sustained against him, if the false pretence, and not the warranty, was the inducement which operated upon the other party to make the exchange.

In an indictment for such an offence, it is not necessary to allege that the property parted with by the *defendant*, was of any value.

On EXCEPTIONS from the District Court, RICE, J.

INDICTMENT, for obtaining the horse of one Clark by false and fraudulent pretences.

The government proved that the defendant exchanged his mare, for Clark's horse, and that upon the exchange the defendant represented to Clark that the mare was his property, and that there was no claim of any person upon her; and that he also said he would warrant her to be free and clear of all incumbrances.

The government further proved that the defendant had previously mortgaged the mare to one Holmes, to secure a note which was then unpaid; and that the mortgage was undischarged.

The defendant's counsel requested the Judge to instruct the jury that the language used by the defendant in asserting the ownership of the mare to be in him, was not such a false pretence or false token as is contemplated by the statute, and was therefore insufficient to sustain the indictment. The Court declined to give that instruction, but instructed the jury that if in making the exchange, Clark was induced to part with his horse on the ground of the defendant's warranty, the indictment could not be sustained, but that, if the inducement which determined Clark to make the exchange consisted in the defendant's pretending that the mare was his, the defendant's property, and was free from all incumbrances, and if that pretence was false, and by the defendant known to be false, and was made designedly, and with intent to defraud Clark of

his horse, and if Clark was thereby defrauded of his horse, the indictment was sustained.

The verdict was guilty. The defendant excepted, and afterwards, at the same term, moved in arrest of judgment; —

' 1. Because the indictment does not sufficiently set forth any offence; —

2. Because it does not allege that the mare given by the defendant in exchange for the horse was of any value.

*Dickerson*, for the defendant.

The evidence is insufficient to support the indictment; —

1. Because the language of the prisoner amounts only to a warranty of title, which is no more injurious to the public than a false warranty of quality or soundness. In either case the vendee may be induced to part with his property on account of the false assertion or affirmation. Every man is presumed to warrant the title of an article of personal property sold by him. Neither offence is a public one. The remedy in both cases is a civil one, by an action for breach of warranty, or for deceit.

It has been held that a false representation that an unsound horse is sound, is not indictable.

2. A naked lie is not indictable. *Lambert* v. *the People*, 9 Cow. 606 ; *Commonwealth* v. *Warren.* 6 Mass. 75 ; 2 Russell on Crimes, 265, 268, 1375, 1378.

In *Cross* v. *Peters*, 1 Greenl. 389, it is held that an affirmation of this kind is a mere lie, and something else must be connected with it, to make it indictable.

To the same point, is a recent case decided by Lord Ellenborough.

In Roscoe's Crim. Ev. 441, the same principle is asserted.

In this case there was no artifice on the part of the defendant to obtain the property. He merely asserted what the law always implies upon a sale ; that the property belongs to the vendor.

*Tallman*, Attorney General, for the State.

WELLS, J. — This indictment is founded upon the statute,

chap. 161, sect. 1, which is similar to that of 1821, chap. 13. The case of *State* v. *Mills*, 17 Maine, 211, very nearly resembles the one under consideration, and it cannot be distinguished in principle from that case.

There does not appear to be any just ground of objection on the part of the defendant to the instructions, which were given to the jury. Nor is there perceived in the indictment any defect, which would justify an arrest of the judgment. As it was not necessary to *prove* the value of the defendant's mare, the law did not require it to be stated.

The exceptions and motion are overruled, and the case remanded to the District Court.