The State of Iowa v. Freeman.

---

The State of Iowa v. Freeman.

In an indictment charging the defendant with knowingly and wilfully resisting an officer, in attempting to execute legal process, it is not necessary to aver that the officer, at the time, informed the defendant that he acted under the authority of a warrant; nor need the indictment set forth at length, the acts of the officer, or show that in making the arrest, he complied, in all respects, with the requisites of the statute.

In serving a writ, an officer will be presumed to have discharged his duty, and where a party, who resists the officer, relies on the fact, that he omitted to declare the authority under which he acted, it is proper matter of defense.

In an indictment for resisting an officer in the execution of legal process the time of the commission of the offense is immaterial, and need not be proved as alleged; and where the time is alleged under a *videlicit*, it is nugatory, and not traversable, and if repugnant to the fact, does not vitiate the indictment, but the *videlicit*, itself, may be rejected as surplusage.

It is only an inconsistency in the material allegations, that will vitiate an indictment; and where the defective averment may, without detriment to the indictment, be wholly omitted, it may be considered as surplusage, and disregarded.

Where a warrant of arrest, issued under section 2827 of the Code, dated on the 12th of May, 1858, and made returnable on the next day, was offered in evidence on the trial of an indictment for resisting an officer in the execution of legal process; *Held*, That the writ was not illegal and void.

A magistrate issuing a warrant of arrest, under section 2827 of the Code, for reasons appearing sufficient to him, may direct that the person arrested be brought before him for examination, on the day succeeding the date of the writ.

*Appeal from the Johnson District Court.*

WEDNESDAY, JUNE 8.

AN INDICTMENT for resisting an officer in serving, and attempting to execute, legal process. The body of the indictment reads as follows:

"That heretofore, to-wit: on the 12th day of May, A. D. 1858, a certain judicial warrant of arrest, directed to any sheriff, constable, or marshal of the state, was duly awarded, and issued by George W. McCleary, a magistrate of said county of Johnson, to-wit: county judge of said county, state aforesaid, which said judicial warrant of arrest was duly delivered to Jacob Hugus, an officer of the state of Iowa aforesaid, to-wit: deputy sheriff of the county, and state aforesaid, and was of the purport and effect following, that is to say:

THE STATE OF IOWA,  } ss.
County of Johnson,  }

The state of Iowa, to any sheriff, constable or marshal of the state:

Information upon oath, having been this day laid before me, by Levi Robinson, that the crime of murder has been committed, and accusing Thomas Casey, Michael Freeman, Frederick M. Irish, Henry Gray, Peter Conboy, Alfred Curtis, James Kennedy, Philip Clark, Joseph Stutsman, Charles Dow, Samuel Shelliday, John O'Neil, William Canot, Charles Brown,——— Mitchell, (whose given name is unknown, but who is a partner in business with

Alfred Curtis), and Daniel Marshall thereof, you are there-
fore commanded forthwith to arrest the above named
Thomas Casey, Michael Freeman, Frederick M. Irish, Hen-
ry Gray, Peter Conboy, Alfred Curtis, James Kennedy,
Philip Clark, Joseph Stutsman, Charles Dow, Samuel Shel-
liday, John O'Neil, William Canot, Charles Brown, ————
Mitchell, (whose given name is unknown, but who is a part-
ner in business with Alfred Curtis), Daniel Marshall, and
bring them before me, at the office of the county judge of
Johnson county, in Iowa City, on the 13th day of May, A.
D. 1858, at nine o'clock, A. M., or in case of my absence or
inability to act, before the nearest or most accessible mag-
istrate in this county.

Dated at Iowa City, this 12th day of May, A. D. 1858.
G. W. McCleary,
County Judge of Johnson county, Iowa.

And the grand jury aforesaid do further present, that the
said judicial warrant of arrest, being duly awarded, issued
and delivered, as aforesaid, afterwards, to-wit: on the 12th
day of May, A. D. 1858, at Iowa City township, county
aforesaid, the said Jacob Hugus, then and there being an
officer of this said state, to-wit: deputy sheriff of the coun-
ty aforesaid, on attempting to execute and serve the judi-
cial warrant aforesaid, in manner and form as he was there-
in commanded, in accordance with, and pursuant to the
form of the statute in such case made and provided, sum-
moned and commanded one William E. Small, one Henry
B. Miller, one Andrew J. Adams, and divers other persons,
whose names are to the jurors unknown, male inhabitants
of the county aforesaid, to aid and assist him the said Ja-
cob Hugus, then and there being an officer of this state as
aforesaid, in the arrest of said Michael Freeman, in said
warrant of arrest mentioned; and that said Michael Free-
man then and there, to-wit: on the 12th day of October,
A. D. 1858, at the county of Johnson, state aforesaid, know-
ingly and wilfully, with force and arms, did resist and op-

pose the said Jacob Hugus, an officer of the said state, as aforesaid, to-wit: a deputy sheriff of Johnson county, in said state, and his assistants, so summoned and commanded, as aforesaid, to-wit: William E. Small, Henry B. Miller, Andrew J. Adams, and divers other persons to the jurors unknown, acting under the authority of law, as aforesaid, in the serving and attempting to execute, said warrant of arrest; and so the jurors aforesaid, upon their oaths aforesaid, do say, that said Michael Freeman, on said 12th day of May, A. D. 1858, at Iowa City township, county and state aforesaid, with force and arms, knowingly and wilfully, in manner and form aforesaid, did resist and oppose an officer of this state, as aforesaid, and his assistants, William E. Small, Henry B. Miller, Andrew J. Adams, and others, whose names are to the jurors unknown, being persons authorized by law, as aforesaid, in the serving and attempting to execute a legal process, to-wit: the warrant of arrest, contrary to the form of the statute in such case made and provided, and against the peace and dignity of the state of Iowa.

To this indictment, the defendant demurred, assigning for cause thereof, among others, the following reasons:

1. Said indictment nowhere avers that the said officer, in attempting to execute the writ, informed the defendant, that he acted under the authority of a warrant.

2. The said indictment nowhere avers that the defendant resisted the officer, at the time of the alleged attempt to execute the warrant.

3. The said indictment is repugnant, in this, it avers that the said officers acted by virtue of a "judicial warrant," and sets out simply a warrant of arrest, issued by a magistrate.

4. The said indictment is uncertain as to the manner in which the defendant resisted the officer.

The demurrer was overruled, and the defendant pleaded not guilty. On the trial, the state offered in evidence the

warrant described in the indictment, with the return of the officer indorsed thereon, to which the defendant objected, but the same was overruled, and the evidence permitted to go to the jury. The jury returned a verdict of guilty, and thereupon a motion was filed to set aside the verdict, and grant a new trial, which being overruled, judgment was entered upon the verdict, from which the defendant appeals.

*Templin & Fairall*, for the appellant.

*S. A. Rice*, (Attorney General), for the state.

STOCKTON, J.—*First.* As to the demurrer to the indictment, it was not necessary, in charging the defendant with knowingly and wilfully resisting an officer, authorized by law, in attempting to execute a legal writ, to aver that the officer, at the time, informed the defendant that he acted under the authority of a warrant. In making an arrest, the officer must inform the defendant, that he acts under the authority of a warrant, and if required, must produce and show it. Code, section 2839. But it is not necessary that the indictment, should set forth, at length, the acts of the officer, or show that in making the arrest, he complied, in all respects, with the requisites of the statute. In serving the writ, he will be presumed to have discharged his duty ; and if the defendant relies on the fact that he omitted to declare the authority under which he acted, it was proper matter of defense.

It is urged by defendant, in the second place, that the indictment nowhere charges that the defendant resisted the officer at the time of the alleged attempt by him to execute the warrant ; and that in this respect it is uncertain and repugnant. The time of the commission of the offense, was immaterial, and need not have been proved as laid. Being alleged under a. *videlicit*, it was nugatory, and not traversable ; and if repugnant to the premises, did not vitiate the indictment, but the *videlicit* itself may be reject-

The State of Iowa v. Freeman.

ed as surplusage. It would be otherwise, if the precise time were the very point and gist of the cause. In such case, the time alleged by the *videlicit*, is conclusive and traversable, and shall be intended to be the true time, and no other; and if impossible, or repugnant to the premises, it will vitiate the indictment. Starkie's Crim. Pleading, 277–8.

It was immaterial in this case, whether the offense was committed on the 12th of May, or the 12th of October. It may frequently happen that an averment is faulty, because inconsistent with the fact, or repugnant to the other parts of the indictment, or is in itself insensible or absurd, without such fault being fatal. Where the defective averment may, without detriment to the indictment, be wholly omitted, it may be considered as surplusage, and disregarded. It is only an inconsistency in the material allegations, that will vitiate an indictment.

The writ, by virtue of which the officer was attempting to arrest the defendant, is set forth in the indictment. The defendant objects that it is a simple writ, issued by the county judge, and not a "judicial warrant of arrest," as alleged. Whether the writ sufficiently answered the description given of it, is not so material, as the question, whether it was a legal writ, as required by the statute. Being satisfied that it is so, we think the objection of the defendant is not well taken. The demurrer was properly overruled.

We think there was no valid objections to the warrant of arrest being given in evidence to the jury. The fact that it was dated on the 12th, and made returnable on the 13th of May, was not such an objection as to render the writ illegal and void. The form given in the statute, (section 2827), is to be pursued substantially; but we cannot say, that the magistrate may not, for reasons appearing to him sufficent, direct that the person arrested be brought before him for examination on the day succeeding the date of the writ.

No sufficient reason is shown for the interference by this court, with the discretion of the district court, in overruling the motion for a new trial. The charge of the court to the jury was not excepted to, and seems to us quite as favorable to the prisoner as he had any right to demand. The verdict, we think, was authorized by the evidence.

Judgment affirmed.