THE STATE OF MISSOURI, Respondent, *v.* JAMES H. SCOTT, Appellant.

1. *Practice, criminal — Obtaining money under false pretenses, indictment for — Intent, allegation of, what sufficient — Question of intent for the jury.* — In an indictment under the statute (Wagn. Stat. 461, § 47) for obtaining money under false pretenses, it is not necessary to allege the intent of the accused to be to cheat, injure, or defraud any particular person. (See Wagn. Stat. 517, § 41.)

In such an action, the principal fact having been proved, the question of intent is one for the jury.

*Appeal from St. Louis Criminal Court.*

*John Hallum,* for appellant.

I. It is not necessary, in prosecutions for forgery, to charge a design to defraud any person or corporation; but this is of the essence of the offence where the whole gravamen of the crime complained of is directed, as in this case, against one individual.

II. The indictment does not charge that the check was not paid. (1 Chit. Cr. Law, 168–9; see generally 2 Burr. 1127; The People v. Gates, 15 Wend. 318.)

III. The indictment does not charge that any crime was actually perpetrated. It simply charges an intent, the object of which was never executed. In forgery, the act of affixing the signature is in itself the consummation of the crime; not so in procuring the signature by means of false pretenses. The signature may be worthless, it may create no liability; it may be, too,

an instrument from which no harm can result. (The People v. Galloway, 17 Wend. 540 ; The People v. Williams, 4 Hill, 9 ; The People v. Wright, 9 Wend. 193 ; The People v. Gates, 13 Wend. 311 ; Dord *et al.* v. The People, 9 Barb. 671 ; Commonwealth v. Strain, 10 Metc. 521, cited and approved by this court in State v. Bonnell, 46 Mo. 395.)

IV. The indictment does not charge that the prosecutor believed and acted on the alleged false pretenses when he indorsed the check. He must act on the belief that they are true, otherwise he cannot claim that he was injured or influenced by them. (The People v. Stetson, 4 Barb. 151 ; Commonwealth v. Davidson, 1 Cush. 33 ; Bronson & Crocker v. Wiman, 4 Seld. 182.) The indictment must show that the alleged indorser was damnified. (People v. Thomas, 3 Hill, 169.)

V. The indorsement of Conn, on any paper whatever executed or drawn by Scott, does not appear in any part of this record from beginning to end.

Counsel here went into a discussion of the testimony in the case.

*Charles P. Johnson*, for respondent.

I. In a prosecution under section 47, article III, chapter 42, Wagn. Stat., it is not necessary to charge a design or intent to defraud any particular person or corporation, or that any particular person or corporation was defrauded. The pleader is governed by chapter 42, article II, section 41, Wagn. Stat. (See Whart. Cr. Law, 6th ed., § 297.)

II. The indictment contains a "brief narration of the offense charged and a certain description of the crime." It is in accord with 1 Chit. Cr. Law, 167–9 ; 2 Burr. 1127 ; Whart. Prec., tit. False Pretences. It sets forth in detail the false representations and pretenses made to Conn to procure his signature to the check in question, and then falsifies each and every one of them by distinct and specific averments as in an assignment of perjury, and in accordance with the decision of this court in State v. Peacock, 31 Mo. 413 ; see also People v. Herrick, 13 Wend. 87; 2 Russ. Crimes, 303.

WAGNER, Judge, delivered the opinion of the court.

The defendant appealed from the judgment of conviction obtained against him in the Criminal Court, and the first objection assigned is the insufficiency of the indictment. The indictment sets out, in substance, that the defendant "unlawfully, knowingly, feloniously and designedly did falsely pretend to John N. Conn that a certain paper writing produced by the defendant to the said Conn, and purporting to be a check drawn by the defendant upon the National Trust Company of the city of New York for the payment, to the order of said defendant, of the sum of $150 in current funds, was then and there a good, genuine and available order for the payment of the sum of $150, and that the defendant kept an account with said National Trust Company, and that he had money in the hands of the said company for the payment of the said check; that he had full power, right and authority to draw checks upon said National Trust Company of the city of New York; by means of which false pretenses the defendant did then and there, unlawfully, knowingly, feloniously and designedly, obtain from the said Conn his indorsement in writing on the back of said check, with intent then and there to cheat and defraud." The indictment then, by distinct and specific averments, sets out the falsity of the pretenses and negatives the truth of the representations made by the defendant.

The indictment was under the statute (Wagn. Stat. 461, § 47), which provides that "every person who, with intent to cheat or defraud another, shall designedly, by color of any false token or writing, or by any other false pretense, obtain the signature of any person to any written instrument, * * * shall, upon conviction thereof, be punished in the same manner and to the same extent as for feloniously stealing the money, property or thing so obtained." Here every allegation that was necessary was made. The false pretenses were clearly and precisely stated, and it is averred that by reason of them the signature of Conn was obtained on the back of the check. This renders the indictment good and sufficient. (State v. Bonnell, 46 Mo. 395.) It

was not necessary to allege in the indictment that the defendant used the false pretenses or obtained the signature of Conn with the specific intention of cheating or defrauding any particular person or body. The statute has enacted a rule at war with any such assumption. It declares that it shall be sufficient in any indictment for an offense, where an intent to injure, cheat or defraud shall be necessary to constitute the offense, to allege that the defendant did the act with such intent, without alleging the intent of the defendant to be to injure, cheat or defraud any particular person; and on the trial of such offense it shall not be necessary to prove an intent on the part of the defendant to injure, cheat or defraud any particular person, but it shall be sufficient to prove that the defendant did the act charged with an intent to injure, cheat and defraud. (Wagn. Stat. 517, § 41.)

The principal fact being proved, the intent with which the defendant did the act was for the determination of the jury. There is no contradiction or doubt about the evidence. It clearly shows that defendant applied to Conn to give him the money on the check, representing that he had $4,000 deposited in the bank, and that the check was good and would be paid on presentation; that Conn declined advancing the money, but went with him to the Accommodation bank and introduced him to the cashier, and informed the cashier what the defendant wanted. The cashier refused to pay the money on the check without a local or resident indorser. The defendant then reiterated the statement that the check was good, would be paid on presentation, and that he had the $4,000 deposited in the bank. But the cashier still refusing, Conn, seeing he was placed in an unpleasant situation, having introduced the defendant, stepped forward and indorsed the paper, and the money was paid over to the defendant.

The check was then sent to New York for payment, where it was protested and returned, and Conn was obliged to pay it. The evidence further shows that the representation of the defendant was wholly false; that he had no money on deposit in New York, and never had an account with the bank on which he drew the check. To evade all guilty intent an attempt is made to show that defendant expected his brother to protect his credit and

furnish the money to cash the check.  It appears that he sent a telegraph dispatch to his brother in New York to pay the amount, and that his brother was absent and the money was not paid. His brother says in his deposition that had he been at home at the time he would have advanced the money and taken up the check ; but this does not release the defendant from the falsity of his pretenses when he obtained the signature of Conn and the money at the bank.

That he was guilty of false representations is unquestioned, and the finding of the jury is conclusive as to the intent with which these representations were made.  We see nothing erroneous in regard to the admission of testimony.  The trial seems to have been entirely fair, and the judgment must be affirmed.  The other judges concur.