### THE STATE v. NEIMEIER.

1. **Evidence:** CROSS-EXAMINATION: PRACTICE IN SUPREME COURT. A cross-examination which is not entirely foreign to the testimony given in chief, and which has any tendency whatever to impair its credibility, is no ground for reversal.

2. **Criminal Law:** OBTAINING PROPERTY ON FALSE PRETENSES: WHAT ARE FALSE PRETENSES: INSTRUCTION. False representations made by a purchaser do not necessarily show a fraudulent intent; but they do show such intent if they were designed to induce the sale and delivery of the property; and the instruction given in this case (see opinion) substantially so charged.

3. ———: ———: EVIDENCE TO ESTABLISH. The evidence in this case (see opinion) *held* sufficient to establish the charge of obtaining property under false pretenses.

4. ———: ———: SUFFICIENCY OF INDICTMENT. An indictment for obtaining property under false pretenses examined, (see opinion,) and *held*, when taken all together, sufficiently to charge the crime.

REED, J., *dissenting*.

### *Appeal from Cass District Court.*

### WEDNESDAY, JULY 22.

The defendant was convicted of the crime of obtaining property under false pretenses. Judgment was rendered upon the verdict, and he appeals.

*L. L. DeLano*, for appellant.

*A. J. Baker, Attorney-general*, for the State.

ADAMS, J.—I. The evidence shows that in July, 1882, the defendant purchased of one Briggs and one Ish certain cattle, and agreed to pay therefor $250. The defendant resided at Atlantic, in Cass county. The cattle were purchased at Anita, several miles distant from Atlantic, but in the same county. They were driven to Atlantic the same day, and arrived there late in the

afternoon, and were sold by the defendant that evening. He failed to pay for the cattle, and it is claimed by the state that he induced Briggs and Ish to part with them by reason of false representations. There was evidence tending to show that the defendant stated that he must have cattle to butcher that night; that he had money in bank, but would not be able to pay Briggs and Ish that night, because the bank would be closed before they would be able to reach Atlantic; that he would, however, go to Anita the next Monday, and pay for the cattle there.

For the purpose of rebutting this evidence, the defendant introduced himself as a witness, and testified that he did not say that he had money in bank; and, for the purpose of showing further that it was not understood that he was then in a condition to pay for the cattle, he testified that he told Briggs that there was only one way in which he could buy the cattle; that he should have to have three or four days in which to turn himself; that he did not have the money. The attorney for the state then asked him if he did not sell the cattle that night. The question was objected to as not in cross-examination. The court overruled the objection, and the defendant answered that he did. The allowance of the question is assigned as error.

The defendant contends that the fact elicted upon the cross-examination had no tendency to rebut, modify or discredit any statement made by him in his examination in chief. The statement which the defendant had made was that he told Briggs that he should have to have three or four days in which to turn himself. We do not think that the fact that he sold the cattle that night tended to show directly that he did not make such statement. We must say, too, that we think that any inference that could be drawn from the fact is a very slight one. If the opportunity to sell was an unexpected one, no inference at all could be drawn that the defendant did not tell Briggs what he testified he did. But the witness did not say that the opportunity to sell was an

unexpected one, nor make any explanation whatever. There was, then, we think, some slight ground for inference on the part of the jury that the defendant expected to sell that night, and did not honestly believe that he needed three or four days in which to turn himself, and did not, therefore, tell Briggs that he did. Where a cross-examination is not entirely foreign to the testimony given in chief, and has any tendency whatever to impair its credibility, we cannot reverse on account of it.

II. The defendant contends that the court erred in not instructing the jury that it was incumbent upon the state to

2. CRIMINAL law: obtaining property on false pretenses: what are false pretenses: instruction.

to prove a fraudulent intent. The instruction which the court gave upon this point, and which the defendant contends is insufficient, is in these words: "In order to make out the crime here charged, the state must prove the following matters, to-wit: (1) That the defendant made to said Briggs and Ish the representations or pretenses substantially as charged in the indictment, or some of them; (2) that such representations or pretenses were false, and known by the defendant to be false when he made them; (3) that defendant made such representations with intent by means thereof to induce Briggs and Ish to sell and deliver to him the property described in the indictment."

The defendant's position, as we understand it, is that the facts pointed out in the instruction as necessary to be proven by the state would not, if proven, necessarily show a fraudulent intent; because such facts might exist consistently with an intention on the part of the defendant to pay for the cattle, and that if he did intend to pay for them his intent was not fraudulent. But in our opinion the position cannot be sustained. It is the seller's right to sell to persons who can meet their obligations at maturity; and, where the buyer acquires the property by reason of statements made by him to the seller respecting his condition, to induce the sale, which statements he knows to be false, he cannot excuse him-

self by saying that he intended to pay. Good intentions cannot supply the place of ability. It is true, false representations made by the purchaser do not necessarily show a fraudulent intent. *People v. Baker*, 96 N. Y., 340. But they do show such intent if they were designed to induce the sale and delivery of the property, and the jury in the case at bar was substantially so charged.

III. It is said that the false representations charged were not proven. It is charged that the defendant said that he

3. ——: ——: was conducting a butcher shop. The evidence
evidence to
establish. was that he said that he must have some cattle to butcher that night. The essential idea intended to be charged was that he was holding himself out as a butcher, and we think that the evidence so showed.

IV. The defendant moved in arrest of judgment for insufficiency of the indictment. The motion was overruled,

4. ——: ——: and the ruling is assigned as error. The essen-
sufficiency of
indictment. tial ground of the motion is stated to be that the indictment is insufficient in not alleging that Briggs and Ish were induced by the false pretenses to sell and deliver their property to the defendant. But in our opinion the indictment does substantially so allege. The indictment, after setting out what the defendant's statements and representations were, contains these words: "That the said statements and representations were then and there made by the said defendant, willfully, unlawfully, feloniously, designedly, falsely, and with intent to cheat the said Briggs and Ish; that the said statements and representations were made by the defendant then and there for the purpose of inducing the said Briggs and Ish to believe that the said defendant was financially good and responsible for his contracts and their fulfillment, and to cause the said Briggs and Ish to believe that it would be safe to sell and deliver to said defendant the eight head of cattle, and give him time in which to pay for the same; that the said Briggs and Ish did then and there fully believe the said representations and statements to be true, were

induced to and did then and there sell and deliver said defendant the said eight head of cattle, and give him time in which to pay for the same."

The defendant contends that all this might be true, and yet Briggs and Ish might not have been induced by the false representations to sell and deliver the cattle to the defendant. If the indictment had charged that Briggs and Ish, believing the statements and representations to be true, were induced *thereby*, etc., it would not be contended that it is insufficient. But, by any fair construction, the indictment means the same thing as if the word "thereby" had been supplied. The mind of the reader naturally supplies the word, or something equivalent, and the meaning is not open to any doubt. This, in our opinion, is sufficient.

We see no error in the case, and the judgment must be

AFFIRMED.

REED, J.—I do not agree with the majority on the last point in the foregoing opinion. In my opinion the indictment is defective. It is not averred in express terms that defendant obtained the property by means of the alleged false pretenses, nor is there any statement of facts which shows necessarily that he did so obtain it.