## THE STATE v. JAMISON.

1. **Criminal Law** : FRAUDULENTLY OBTAINING SIGNATURE : DELIVERY TO AGENT : INDICTMENT. Where one is indicted, under section 4073 of the Code, for obtaining by false pretense, and with intent to defraud, the signature of a person to a written instrument the false making of which would be punished as forgery, it is necessary to allege the delivery of the instrument signed (*State v. McGinnis*, 71 Iowa, 685) ; and where the indictment charged that defendant was a loan agent employed to make a loan to S., and in the transaction fraudulently procured the signature of S., and that S. delivered the instrument to defendant, *held* that the indictment did not allege that defendant was the agent of S., and it was not therefore open to the objection that it did not charge a delivery of the instrument, on the ground that a delivery to an agent is no delivery.

The State v. Jamison.

2, —— : —— : MORTGAGE : INDICTMENT : AVERMENT OF OWNERSHIP OF LAND. To fraudulently obtain the signature of a party to a mortgage containing the ordinary covenants is an offense under section 4073 of the Code. And an indictment which sets out a copy of the mortgage showing the covenants is not bad because it fails to allege that the person whose signature was fraudulently obtained owned the land.

3. —— : —— : ACTUAL DEFRAUDING NOT NECESSARY. In such case, while there must be a delivery of the instrument signed in order to consummate the intent to defraud, the actual consummation of the intended fraud need not be shown.

4. —— : —— : EVIDENCE OF SIMILAR OFFENSE. In such case, since the gist of the alleged crime is the *intent*, evidence of the commission of another similar crime against the same person was admissible as bearing only on the question of intent. (Compare *State v. Walters*, 45 Iowa, 389, and *State v. Saunders*, 68 Iowa, 370.)

5. —— : —— : EVIDENCE : CHANGING PAPERS TO CONCEAL CRIME. In such case, evidence tending to show that defendant altered papers pertaining to the alleged fraudulent transaction for the purpose of concealing the fraud was competent and material.

*Appeal from Shelby District Court.*

FILED, JUNE 7, 1888.

INDICTMENT for cheating by false pretenses. Trial by jury, verdict guilty, and judgment. The defendant appeals.

*Robert P. Foss*, for appellant.

*A. J. Baker*, Attorney General, for the State.

SEEVERS, C. J.—I. It is contended that the indictment is insufficient, and does not charge an offense prohibited by the statute, which provides: "If any person, by false pretense, * * * and with the intent to defraud, obtain * * * the signature of any person to any written instrument, the false making of which would be punished as forgery," he shall be punished, etc. Code, sec. 4073. The indictment charges, in substance, that the defendant was a loan agent, employed to make a loan of the sum of three hundred dollars to

one Charlotte A. Swift, the same to be obtained from the Davenport Savings Bank, and that he falsely pretended and represented that a certain mortgage, a copy of which is set out in the indictment, was to secure the payment of three hundred dollars, when in fact it was for four hundred dollars, and thereby created a lien on the lands described in the mortgage for the last-named amount; and thereby, with intent to defraud, procured the signature of the said Charlotte A. Swift to said mortgage, and she delivered the same to defendant. The indictment is quite lengthy, but the foregoing statement of its averments is sufficient for the purpose of a consideration of the objections made thereto. It is insisted that the defendant was the agent of Mrs. Swift, for the purpose of procuring the loan, and that the delivery of the mortgage to the defendant as her agent is not such a delivery as is required ; and it is said that Mrs. Swift could, at any time, have recalled the mortgage, and taken it into her personal possession, and therefore there in fact was no delivery, for the reason that the possession of an agent is the possession of the principal. Counsel cite and rely on *State v. McGinnis*, 71 Iowa, 685. All that is decided in that case is that there must be a delivery of the instrument obtained by false pretenses. It will be observed that the indictment does not state that the defendant was the agent of Mrs. Swift, but simply that he was a loan agent, employed to make a loan of the sum of "three hundred dollars, to one Charlotte A. Swift." Therefore it seems to us that the position of counsel cannot be sustained. The indictment, in our opinion, is clearly sufficient, in so far as the objection under consideration is concerned.

II. It is objected that the indictment is insufficient, because it fails to state that the land described in the mortgage belonged to Mrs. Swift. But the defendant, by false pretenses, obtained the signature to an instrument the false making of which would have been forgery, for the reason that Mrs. Swift covenanted in the mortgage that she had "good right to sell and convey"

2. ——:——: mortgage : indictment : averment of ownership of land.

the premises described in the mortgage; that the same were free from incumbrance; and that she would warrant and defend said premises against the lawful claims of all persons whomsoever. It is provided by statute that if any person, with intent to defraud, "falsely * * * make any instrument in writing, * * * purporting to be the act of another, by which any pecuniary demand or obligation is created," he shall be deemed guilty of forgery. Code, sec. 3917. It is clear that under this statute, if Mrs. Swift's name had been signed to the mortgage by the defendant with the intent to defraud, he would have been guilty of forgery; and the fact whether Mrs. Swift owned the land or not would have been immaterial, for the reason that under the covenants of the mortgage a pecuniary liability was created against her.

III. The court instructed the jury that "there must be an intent to defraud, but actual defrauding is not necessary to be shown, provided the intent be proven." It is said by counsel that this instruction is erroneous, for the reason that the fraud must be consummated, and that an intent is not sufficient. He cites and relies on *People v. Wakely*, 62 Mich. 297, and *State v. McGinnis*, heretofore cited. We understand the instruction to mean that it is not essential that any person should have been actually defrauded, but it is essential, if a written instrument is the thing obtained, that it should be delivered; for until this is done the intent to defraud is not consummated, for the reason that, until there has been a delivery, the instrument creates no liability. The provision of the statute is that the thing, whether a chattel or a written instrument, must be obtained by the person making the false pretense, and this is the effect of the holding in the two cases above cited, referred to by counsel. But no case to which our attention has been called holds that any person must have been actually defrauded, that is, have suffered a pecuniary loss; and under the statute an intent to defraud only is required.

Therefore the court did not err in giving the instruction referred to.

IV. The court instructed the jury as follows: "The fact, if you should find it to be a fact, that the defendant committed a like crime to the one with which he is charged in the indictment against Mrs. Swift, * * * prior to the time the acts in question were committed, is admitted in evidence for the purpose of aiding you in determining the question as to the defendant's intent in doing the acts complained of, and you should only consider it for that purpose." There was evidence tending to show that the defendant had procured, with intent to defraud, from Mrs. Swift another mortgage, which he represented to be for seven hundred dollars, when in fact it was for eight hundred dollars, and it is upon this evidence, which we have only partially stated, that the foregoing instruction is based. It is objected that the instruction states that the defendant had committed a like crime to that charged in the indictment; but we think this is a mistake, and that such question was submitted to the jury, who were required to find whether the defendant had committed such a crime. It is further objected that evidence tending to show the commission of a like crime "against the same person" was inadmissible, and that the court erred in giving the instruction, for the reason that the defendant cannot be convicted of the crime charged by proof showing the commission of another crime, and that no such question should have been submitted to the jury. The gist of the crime charged in the indictment is the intent to defraud, and the settled rule seems to be that, when the *scienter* or *quo animo* is requisite to and constitutes a necessary and essential part of the crime with which the person is charged, and proof of such guilty knowledge or malicious intention is indispensable to establish his guilt in regard to the transaction in question, testimony of such acts, conduct or declarations of the accused, as tend to establish such knowledge or intent is competent, notwithstanding they may constitute a distinct

*4. ——: ——: evidence of similar offense.*

crime." Amer. Crim. Law [5 Ed.] sec. 649. In *People v. Henssler*, 48 Mich. 49 ; s. c., 11 N. W. Rep. 804, such evidence was held admissible in a case where the crime charged was obtaining the indorsement of a note by false pretenses, with intent to defraud ; and in *State v. Walters*, 45 Iowa, 389, where the crime charged was an intent to commit a rape. See, also, *State v. Saunders*, 68 Iowa, 370. It will be observed that the evidence introduced and the instruction have reference to a similar crime in all respects. The party whose signature was obtained was the same, and so was the instrument ; and therefore the admission of the evidence and instruction is supported by all the authorities. What the rule would be if the signature of a different person to an instrument of a different character had been obtained we have no occasion to determine.

V. Evidence was introduced tending to show that both the mortgage referred to in the indictment, and also the prior mortgage, was negotiated to the Davenport Savings Bank by the defendant ; and he obtained money thereon from said bank to the amount of four hundred dollars upon one mortgage and eight hundred dollars on the other. The defendant, however, gave Mrs. Swift three hundred dollars of the former and seven hundred dollars of the latter. The notes secured by the mortgages bore interest at eight per cent., and coupons were attached thereto for interest at that rate on four hundred and eight hundred dollars. Mrs. Swift paid such interest to the defendant upon the basis that the notes were for three hundred and seven hundred dollars. He remitted such money to the bank, but added thereto sufficient of his own money to pay the coupons, and when the coupons were received by him he altered the same, so that they represented the amount of money paid him by Mrs. Swift, and then delivered the coupons to her. At least, there was evidence so tending ; and counsel for the defendant contend that it was inadmissible, for the reason that it did not tend to establish the crime charged. But we think otherwise.

5. *evidence: changing papers to conceal crime.*

The evidence had an important bearing on the question of intent.

We are unable to discover any error in the record, and therefore the judgment must be

AFFIRMED.