### State of Iowa v. W. W. Hazen, Appellant.

False Pretenses: INDICTMENT. An indictment for "obtaining property under false pretenses" charged that defendant did designedly, and with intent to defraud, feloniously and falsely represent to L that he was solvent, and worth ten thousand dollars, whereas he was not worth that sum, or any other; that L believed and relied on such representations, which were made knowingly, designedly, and feloniously, to obtain L's signature as security for defendant to a note; that the note so obtained was signed by L, and delivered to the payee; and that the facts that the defendant was not worth ten thousand dollars, nor any other sum, and that he was insolvent, were at the time unknown to L. *Held*, sufficient, under Code 1873, section 4073, providing that if one designedly, and by false pretense, and with intent to defraud, obtains

the signature of any person to any writing, the false making of which would be punished as forgery; he shall be punished, though the intent to defraud L was not specifically alleged.

**Appeal:** VERDICT. A verdict in a criminal case is sustained by the evidence, although the proof on the part of the state is not entirely satisfactory, where it is so materially strengthened by the testimony of the defendant, given in his own behalf, as to authorize the verdict.

*Appeal from Jasper District Court.*—HON. A. R. DEWEY, Judge.

THURSDAY, DECEMBER 16, 1897.

THE defendant was convicted of the crime of obtaining property by false pretenses, and adjudged to be imprisoned in the state penitentiary at Fort Madison for the period of six months. From that judgment he appeals.—*Affirmed.*

No argument for either party.

ROBINSON, J.—I. The indictment in this case was found under the provisions of section 4073 of the Code of 1873, which contains the following: "If any person designedly and by false pretense, or by any privy or false token, and with intent to defraud, obtains from another any money, goods or other property; or so obtains the signature of any person to any written instrument, the false making of which would be punished as forgery, he shall be punished by imprisonment in the penitentiary.  *   *   *"" The indictment accuses the defendant of "the crime of obtaining property under false pretenses," committed by obtaining, by means of false and fraudulent representations, the signature of one H. M. Little to a promissory note. It was claimed by the defendant during the trial, and in a motion filed by him in arrest of judgment, that the indictment was fatally defective in not charging that the note was

obtained by the defendant with intent to cheat and defraud Little; that it did not sufficiently charge that the signature of Little was obtained by means of the false representations alleged; that it did not aver in express terms, nor in effect, that the defendant obtained the signature to the note by means of the alleged false pretenses; and that it fails to show that the signature was obtained with intent to defraud. We do not find that any of these claims, so far as they are material, are well grounded. The indictment charges explicitly that the defendant did designedly, feloniously, falsely, and with intent to defraud, feloniously and falsely represent to Little that he, the defendant, was then and there in solvent circumstances, and worth ten thousand dollars, whereas the truth was he was not worth that sum, nor any other; that Little believed and relied upon and was deceived by those representations, which were made knowingly, designedly, and feloniously, to induce and obtain the signature of Little as security for the defendant to a promissory note, a copy of which is set out in the indictment; that the note so obtained was signed by Little, and delivered to the payee of the note; and that the fact that the defendant was not worth the sum of ten thousand dollars, nor any other sum, and that he was wholly insolvent, were, at the time, wholly unknown to Little. We think this was sufficient to charge an offense under the statute. It is true the indictment does not charge that the representations set out were made with the specific intent to defraud Little, but the averment of the indictment in that respect follows the statute, and is sufficient. If it were true that the indictment should show a specific intent to defraud Little, we think it must be sustained; for the language used, fairly construed, states that the false representations were made to him to obtain his signature, and that he relied upon and

believed the representations, and in consequence affixed his signature to the note, which was then delivered. That he was defrauded is clear, if the statements are true, and the intent to do just what was done is sufficiently stated. See *State v. McConkey,* 49 Iowa, 499; *State v. Neimeier,* 66 Iowa, 634; *State v. Jamison,* 74 Iowa, 613. We conclude that the indictment is sufficient.

II. A ground of the motion for a new trial is that the verdict was not supported by the evidence. The evidence on the part of the state was not entirely satisfactory, but the defendant testified in his own behalf, and thereby materially strengthened the showing made by the state. We think the evidence was ample to authorize the verdict. We have examined the rulings made on the admission of evidence, and the objections made by the appellant, but without finding any error which was of a character to prejudice the defendant. We are of the opinion that his trial was fair, and according to law, and that his conviction must be sustained. The judgment of the district court is AFFIRMED.