STATE OF IOWA, Appellee, v. HAROLD MOE, Appellant.

**LARCENY:** Indictment and Information—Allegation in re Possession. An allegation in an indictment for larceny *as to the possession of the property at the time of the larceny* is pure surplusage when the offense is otherwise fully charged.

*Appeal from Woodbury District Court.*—W. G. SEARS, Judge.

FEBRUARY 13, 1923.

INDICTMENT for grand larceny.  The indictment charged

that the defendant did feloniously steal and carry away one
Ford touring car of the value of $500, and the property of J. E.
Hamblin, and that said property was in the possession of Virgil
Keefe at the time of the taking. There was a verdict of guilty
and judgment thereon, and defendant appeals.—*Affirmed.*

*L. B. Forsling* and *H. F. Sims,* for appellant.

*Ben J. Gibson,* Attorney-general, and *B. J. Flick,* Assistant
Attorney-general, for appellee.

EVANS, J.—The ground of reversal urged upon our atten-
tion is predicated upon the fact that the instructions of the trial
court wholly ignored that allegation of the indictment which
laid the possession of the stolen car in Virgil Keefe. The in-
structions submitted the case as though the indictment had
charged the taking of the stolen property from the possession of
its owner, Hamblin. It is urged that this created a variance be-
tween the instructions and the indictment. There was no va-
riance as between the indictment and the evidence. From the
evidence, it appears that Virgil Keefe was the owner of a public
garage, and that Hamblin kept his car in a rented stall in such
garage. The inference of the record is that the car was in daily
use by its owner, and taken from and returned to the stall by
him daily. It was in this sense that Keefe was in possession,
the car being stolen at night out of its stall in Keefe's garage.
The purpose of stating the name of the injured party in an
indictment is to identify the particular offense. If the particu-
lar offense is otherwise sufficiently identified, the allegation is
not essential, and even an error therein is not material. Code
Section 5286. The allegation in this indictment laying the pos-
session of the stolen property in Keefe was quite unnecessary,
and may be deemed surplusage. It did not present a case of
variance, because it was not inconsistent with the other allega-
tions of the indictment, nor with the evidence, nor with the in-
structions of the court. As to third parties, and especially as
to trespassers, the possession of a bailee is the possession of his
bailor. In this case, the indictment could have laid the owner-
ship of the car in either Hamblin or Keefe. It added nothing

to the essentials of the indictment to disclose the temporary bailment. The court was not required, therefore, to carry the same surplusage into his instructions. To do so might have resulted in prejudice to the defendant, in that it invited the attention of the jury to a subject with which it had nothing to do. The course adopted by the court was the better practice, in that it singled out and simplified the essential issues upon which the jury had to pass. There was no error. The judgment below is, accordingly,—*Affirmed.*

PRESTON, C. J., ARTHUR and FAVILLE, JJ., concur.