STATE OF IOWA, Appellee, v. JOE WAGNER, Appellant.

ROBBERY:   Indictment and Information—Corporate Capacity as Surplusage.   An indictment for entering a bank with intent to rob (Sec. 13002, Code of 1924) need not charge the *corporate capacity* of the said bank; and, if it is charged, it may be treated as surplusage. (See Book of Anno., Vol. 1, Sec. 13749, Anno. 11 *et seq.*)

Headnote 1:   31 C. J. pp. 730, 749; 34 Cyc. p. 1813.

*Appeal from Polk District Court.*—O. S. FRANKLIN, Judge.

NOVEMBER 23, 1926.

The defendant was tried and convicted of the crime of entering a bank with intent to rob. From a judgment sentencing him to the penitentiary at Fort Madison for life he appeals.— *Affirmed*.

*John L. Sloane* and *Charles P. Howard,* for appellant.

*Ben J. Gibson,* Attorney-general, *Neill Garrett,* Assistant Attorney-general, *Vernon R. Seeburger,* County Attorney, and *Loy Ladd,* Assistant County Attorney, for appellee.

STEVENS, J.—The indictment in this case is based upon Section 13002 of the Code of 1924, and charges that:

"The defendant * * * did * * * enter the premises of the Cottage Grove State Bank, a corporation duly organized and authorized to do a general banking business under the laws of this state, * * * with intent to rob."

The single proposition urged by the defendant for reversal is that a fatal variance between the allegations of the indictment and the proof results from the alleged failure of the State to prove by competent documentary evidence that the Cottage Grove State Bank was a banking corporation duly organized

and authorized to do a general banking business under the laws of this state. The argument of counsel in support of this proposition is twofold in character: that is (a), that the legal existence of an incorporated banking institution is an essential element of the crime, and that the same cannot be proven by parol; and (b) that, if this is not true, the State, having alleged the corporate capacity of the bank, was compelled to prove it by competent documentary evidence.

The terms used by the statute are "a bank or trust company or banking association" and "any bank or trust company or any banking association." The words "bank" and "banking institution" have a precise and definite meaning. By universal acceptance, a bank is an institution, usually incorporated, which receives the money of others on general deposit, makes loans and discounts, and deals in notes and foreign and domestic bills of exchange, and otherwise transacts the general business of banking. 1 Morse on Banks and Banking (5th Ed.), Section 2; *Auten v. United States Nat. Bank of N. Y.*, 174 U. S. 125 (43 L. Ed. 920).

It is the rule in all jurisdictions, so far as we are advised, that, where the legal existence of a corporation is an essential element of the crime charged, it must, like any other essential element of the crime, be proven. The question here is: Does the statute make the legal existence of the bank which it is charged the accused entered with the intent to rob, an essential element of the crime? The statutes of this state provide for the incorporation of state and savings banks, and recognize as lawful private banking institutions organized prior to the enactment of Chapter 236, Laws of the Thirty-eighth General Assembly (Sections 9151, 9153, Code of 1924). The manifest purpose of the legislature was to provide for the prosecution and punishment of certain offenses against banks, that term being used in the usual and ordinary sense of the word, and without reference to previous compliance with the technical requirements of the statute for the organization and incorporation thereof. The offense may be committed as well against a private as against an incorporated bank. By the terms "any bank" and "any banking association" are not necessarily meant incorporated state and national banks or banking associations, and the statute cannot be so limited. "Any bank" or "any banking association" is any insti-

tution doing a general banking business, within the universally accepted meaning of the word "bank."

But it is also argued by counsel for the defendant that, although the application of the statute is not necessarily limited to incorporated banks, and therefore it is unnecessary to allege the corporate capacity thereof in the indictment, nevertheless, the State having charged that the bank entered by the defendant for the purpose of robbery was organized and incorporated and doing a general banking business under the laws of this state, it was incumbent upon it to prove the same.

Section 13749 of the Code of 1924 provides that:

"No indictment is insufficient, nor can the trial, judgment, or other proceedings thereon be affected, by reason of any of the following matters: * * *

"4. For any surplusage or repugnant allegation, or for any repetition, when there is sufficient matter alleged to indicate clearly the offense and the person charged."

If the corporate capacity of the bank is not an essential element of the crime, it was not legally necessary for the State to allege it. Matter alleged in an indictment which is not legally essential to charge the crime may be rejected as surplusage. *State v. Judd,* 132 Iowa 296; *State v. Freeman,* 8 Iowa 428; *State v. Ormiston,* 66 Iowa 143; *State v. Ansaleme,* 15 Iowa 44; *State v. Brooks,* 85 Iowa 366; *State v. Dankwardt,* 107 Iowa 704; *State v. Boomer,* 103 Iowa 106; *State v. Ean,* 90 Iowa 534; *State v. Briggs,* 68 Iowa 416; *State v. Snyder,* 188 Iowa 1150.

The allegation in the indictment that the Cottage Grove Bank was organized and incorporated under the laws of the state of Iowa was not, as already appears, an essential part of the indictment, and must, therefore, be rejected as surplusage. This rule is in no sense inconsistent with the rule established in a certain class of cases in which we have held that the State has the burden of proving matters alleged with needless particularity of description. *State v. Newland,* 7 Iowa 242; *State v. Crogan,* 8 Iowa 523; *State v. Hesner,* 55 Iowa 494; *State v. Whalen,* 54 Iowa 753; *State v. Schuler,* 109 Iowa 111; *State v. Snyder,* supra. What would be competent proof of corporate capacity when it is an essential element of a crime, we need not determine. Ample parol testimony tending to prove that the Cottage Grove State Bank was engaged in and conducted a general banking

business, within the terms of the statute, was introduced by the State. There was not, therefore, a fatal variance between the allegations of the indictment and. the proof, and defendant's motion for a directed verdict was properly overruled.—*Affirmed.*

EVANS, FAVILLE, and VERMILION, JJ., concur.

DE GRAFF, C. J., concurs in the result.