STATE, Respondent. v. HEINTZ, Appellant.

(228 N. W. 395.)

(File No. 6771.   Opinion filed December 31, 1929.)

Fellows, Fellows & Whiting, of Mitchell, for Appellant.

M. Q. Sharpe, Attorney General, and Raymond L. Dillman, Assistant Attorney General, for the State.

BURCH, J. Defendant was convicted of larceny and sentenced to two years' imprisonment in the state penitentiary. He appeals from the judgment and an order denying a new trial.

The evidence of the larceny and appellant's connection therewith is largely circumstantial. On the morning of the 19th of January, 1928, Howard Rake; the complaining witness, missed from his flock of Buff Orpington chickens some twelve or more. He testified he found the lock on the chicken house broken that morning and that the chicken house was closed and locked the evening before. Upon discovery that some of his chickens were gone, he went to the town of Mt. Vernon and found in the possession of Brakke & Thompson, merchants and dealers in poultry, certain chickens that he claimed were his. He took these chickens, fifteen in number, to his place and there turned them loose in the daytime, in the presence of his wife and two neighbors, who observed the action and behavior of the chickens, and in the trial testified thereto. Brakke & Thompson purchased the chickens of appellant. With the exception of two or three of the chickens, otherwise positively identified by marks, their identification was determined by the actions and behavior of the chickens when released. The complaining witness testified that he had not sold or consented to the taking of the chickens, and the state established facts sufficient to establish the loss of Rake's chickens by theft. Appellant says he raised the chickens, now claimed by Rake which were found at Brakke & Thompson's place of business. He contends there is no evidence

of the larceny of these identical chickens, that they were not stolen but were in fact the property of appellant, and that there is no sufficient competent evidence to show they were the chickens stolen from Rake.

Appellant strenuously argues that the admission of evidence concerning the behavior and action of the chickens when released at the home of the complaining witness was error. In substance, he contends such evidence is so unreliable and fantastic as to be inadmissible as evidence in a court of law to establish identity. He says the proof of his guilt depends upon the circumstance of his having possession of the stolen property, and for that reason the identity of the property as stolen property must be proven beyond a reasonable doubt. Conceding the necessity of proving the identity of the property as the stolen property of Rake, it does not bar the introduction of any competent evidence tending to prove the identity whether it be sufficient in and of itself to establish the identity beyond a reasonable doubt. It was not error to admit the evidence if it tended to establish identity. On the question of its competency we have only to consider whether or not such evidence had any probative force. It is well known that many animals have habits or instincts causing them to seek their homes. In the case of the homing pigeon the instinct is so well known and invariable that messages of the highest importance are intrusted for carriage by these pigeons. It is well known that many other animals have well-developed and dependable homing instincts. If the chicken has such an instinct and uniformly behaves differently when at home than when away, we can see no reason why their behavior may not indicate their recognition of home. If such instinct is so well developed as to cause invariable actions, then such actions may be conclusive. What weight shall be given to such evidence is for the jury to say, not for this court. If it has any probative force, it is admissible for what it is worth. Appellant says the hen is proverbially stupid and its actions will demonstrate its stupidity. If there is a proverb based on the stupidity of the hen, it is not better known than the one based on her habit of coming home to roost. Actions of the stupid may be as invariable as those of the astute, perhaps more so because less affected by direction of the intellect. The evidence was admissible. State v. Buseman, 124 Kan. 496, 260 P. 641; People v. Brown, 325 Ill.

307, 156 N. E. 369; State v. Wagner, 202 Iowa, 739, 210 N. W. 901; Id. (Iowa) 222 N. W. 407, 61 A. L. R. 882.

■ Some of the witnesses, after describing the behavior of the chickens, said they acted like they were at home, and this was allowed to stand over the objection of appellant that there was no proper foundation laid for receipt of such witnesses' opinions. Rake and his wife were chicken raisers and the other witnesses were neighbors. In the absence of a request on the part of appellant for leave to further test the knowledge and experience of such witnesses in handling and raising chickens, we think the discretion of the trial court in determining in the first instance the foundation necessary for its admission should not be disturbed.

■ Appellant testified in his own behalf and was questioned on cross-examination as to the number of chickens he raised, the number he had sold, if he had previously sold any to Brakke & Thompson, and concerning crates carried in his car. This was objected to as not proper cross-examination. We are satisfied the court did not err in permitting this line of cross-examination, and no useful purpose would be served in discussing in detail the questions asked and objections thereto involved in the assignments of error pertaining to this line of cross-examination.

■ Appellant asked, and the court granted, an instruction to the effect that to warrant a conviction on circumstantial evidence each fact in the chain of circumstances necessary to be established to prove the guilt of the accused must be proven by competent evidence beyond a reasonable doubt, and the facts so proven must produce a moral certainty of accused's guilt and that it is not sufficient if they coincide with and render probable the guilt of the accused, but they must exclude every other reasonable hypothesis of innocence. Because the court gave this requested instruction and did not of his own motion without request charge that the evidence to connect accused with the offense was wholly circumstantial, and further failed on his own motion without request to further instruct on the law of circumstantial evidence, appellant complains that the requested instruction was rendered meaningless. Appellant having introduced the subject should have requested sufficient to cover the subject fairly, and cannot complain if the court did not add to or explain the instruction requested and given.

We have carefully examined all assignments of error and have discussed those deemed of sufficient importance to merit discussion. We find no prejudicial error, and the judgment and order appealed from are therefore affirmed.

SHERWOOD, P. J., and POLLEY, CAMPBELL, and BROWN, JJ., concur.