STATE OF IOWA, Appellee, v. ERNEST BOYSEN, Appellant.

No. 40940.

OCTOBER 27, 1931.

REHEARING DENIED MARCH 8, 1932.

O. D. Nickle, for appellant.

John Fletcher, Attorney-General, Neill Garrétt, Asst. Attorney-General, and Geo. W. Sturges, County Attorney, for appellee.

FAVILLE, C. J.—At the time charged in the indictment the appellant was the sole owner of a private bank located in Plymouth County, Iowa. The charging part of the indictment is as follows:

"The said Ernest Boysen on or about the 6th day of September, in the year of Our Lord One Thousand Nine Hundred and Twenty-nine, in the county aforesaid did wilfully, unlawfully and feloniously while engaged in the banking, exchange and deposit business, and while insolvent, and knowing of such insolvency, did knowingly accept and receive on deposit money, currency, draft and check from one G. Lucken in the amount of fifteen hundred thirty-seven and 50/100ths ($1,537.50) dollars, with intent to defraud and receive financial benefit therefrom contrary to the statute in such case made and provided and against the peace and dignity of the State of Iowa."

To this indictment the appellant filed a demurrer especially challenging that part of the indictment which alleges that the act referred to had been done "with intent to defraud and receive financial benefit therefrom." The basis of the demurrer was that said allegations were too indefinite and charged no offense under the statute, and did not sufficiently inform appellant of the offense charged against him. The demurrer was overruled and thereafter the appellant filed a motion to strike said portion of said indictment upon the same grounds as were urged in the demurrer. This motion was likewise overruled. Appellant predicates error upon the ruling on said demurrer and motion. The specific ground of complaint now urged is that the indictment failed to allege the name of the person whom it is claimed the appellant intended to defraud.

The original statute, which is commonly known as the "statute prohibiting fraudulent banking," is found in Code

1927, Section 9280. This section was amended by Chapter 30 of the Acts of the Forty-third General Assembly, which inserted in the original statute the clause: "with intent to defraud or receiving financial benefit therefrom," so that the statute under which this indictment was drawn is as follows:

"If any such bank, banking house, exchange broker, deposit office, firm, company, corporation, or person shall receive or accept on deposit any such deposits, as aforesaid, when insolvent, any owner, officer, director, cashier, manager, member, or person knowing of such insolvency, who shall knowingly with intent to defraud or receiving financial benefit therefrom receive or accept, be accessory, or permit, or connive at receiving or accepting on deposit therein, or thereby, any such deposits, or renew any certificate of deposit, as aforesaid, shall be guilty of a felony, and, upon conviction, shall be punished by a fine not exceeding ten thousand dollars, or by imprisonment in the penitentiary for a term of not more than ten years, or by imprisonment in the county jail not more than one year, or by both fine and imprisonment."

It is to be observed that the indictment specifies the act which it is alleged the appellant committed, and in the very language of the statute charges that this act was done "with intent to defraud." It is not essential to the validity of an indictment drawn under this section of the statute to state the name of the person whom the defendant, by the act of receiving the deposit, intended to defraud.

Code Section 13045 provides in part as follows:

"If any person designedly and by false pretense, or by any privy or false token, and with intent to defraud, obtain from another any money, goods, or other property, * * *" he shall be punished.

We had this statute under consideration in State v. Hazen, 104 Iowa 16, wherein, as in the case at bar, the indictment described the act with which the defendant was charged and alleged that it was done "with intent to defraud" but did not name the person whom the defendant intended to defraud. We held that the averment of the indictment followed the statute and was sufficient, and that, in any event, it appeared from the

language of the indictment when fairly construed that the false representations were made to the party named to obtain his signature, that he relied upon and believed the representations and affixed his signature, and that the party was defrauded was clear, and that the intent to do just what was done was sufficiently stated. So in the case at bar it clearly and sufficiently appears from the indictment that the deposit was knowingly received by the appellant from Lucken while the bank was insolvent and known by appellant to be insolvent, with intent to defraud. It was not necessary to name the party intended to be defrauded, but that Lucken was defrauded is clear, and that appellant intended to do just what was done is sufficiently stated.

See, also, State v. McConkey, 49 Iowa 499; State v. Neimeier, 66 Iowa 634; State v. Jamison, 74 Iowa 613. To the same effect, see State v. Scott, 48 Mo. 422.

Furthermore, Code Section 13732-c2 provides that an indictment is valid and sufficient if it charges the offense for which the accused is being prosecuted "by stating so much of the definition of the offense, either in terms of the common law or of the statute defining the offense, or in terms of substantially the same meaning, as is sufficient to give the court and the accused notice of what offense is intended to be charged." The indictment in this case clearly meets this requirement of the statute.

Section 13732-c12, Par. 2, provides:

"An allegation generally of an intent to defraud and injure is sufficient without alleging an intent to defraud or injure any particular person, unless such allegation is necessary to charge the offense under section 13732-c2."

Under the statute under which this indictment was drawn it was not necessary to allege an intent to injure any particular person in order to charge the offense. The court did not err in overruling the demurrer and the motion to strike from the indictment. State v. Goldenberg, 211 Iowa 234, relied on by appellant, is in no way inconsistent with our decision at this point.

II. The county attorney voluntarily furnished a bill of particulars wherein, among other things, it is set forth that the defendant received the deposit in question with intent to defraud the depositor Lucken. Appellant contends that a material allegation of the indictment cannot be supplied by a bill of

particulars. Such appears to be the law. State v. Davis, 39 R. I. 276, 97 Atl. 818; Middleton v. State, 74 Fla. 234, 76 So. 785; Commonwealth v. Jordan, 207 Mass. 259, 93 N. E. 809; State v. Boone, 65 Wash. 331, 118 Pac. 46. But in the instant case it sufficiently appears from the indictment that the appellant intended to defraud the depositor and it was sufficient without the specifications contained in the bill of particulars.

III. The appellant moved for a directed verdict at the close of the testimony for the State. This motion was overruled.

In a motion for a new trial the appellant challenges the sufficiency of the evidence to sustain the verdict. We have examined the record with care. No useful purpose would be served by a recital of the evidence in this opinion. We are satisfied that the State made a case for the consideration of the jury

IV. The deposit in question was received by appellant on the 6th day of September, 1929. The bank closed on the 19th day of September, 1929. The evidence tended to show that the bank was insolvent on the 6th day of September and at all times thereafter until it closed. Over appellant's objection that it was incompetent, immaterial, and irrelevant, and an attempt to prove other deposits than the one charged in the indictment, the State offered evidence in regard to other deposits that were received by the appellant, after the 6th day of September and before the bank closed. It is contended by the appellant that the admission of such evidence was prejudicial and that the objections thereto should have been sustained. The record brings the case within the rule announced in State v. Bevins, 210 Iowa 1031. As said in the opinion in that case:

"The subsequent deposits were material, when taken together with other evidence, to show the status of the bank's solvency or insolvency."

The objections interposed to the evidence referred to were similar to those in the Bevins case. The court instructed the jury in this connection that the accused was not on trial for any transaction except the one described in the indictment and that "the only purpose for which evidence of any other transaction was admitted or can be considered by you is in connection with other evidence in the case in determining the intent of the ac-

cused in accepting the deposit of the said G. Lucken, if you find he did accept it.'' The court amplified this instruction and limited the jury to consider this evidence solely as it might aid them ''in determining whether the accused had a fraudulent intent in accepting the G. Lucken deposit, if you find he did accept it.'' No error is assigned on the giving of this instruction.

We do not find any reversible error at this point.

V. The court instructed the jury as follows:

''As already explained, an essential element of the crime herein charged is a fraudulent intent. The State, in order to convict the defendant, must show beyond a reasonable doubt not only that defendant accepted and received the deposit in question when he and the bank were insolvent, and known to him to be insolvent, but also that he did so with the intent thereby to defraud the said G. Lucken. To defraud signifies to deprive another of a right by deception and deception may consist of silence when there is a duty to speak, as well as of affirmative acts or words. In this case you would not be justified in concluding that defendant had an intent to defraud unless you find that he accepted the deposit in question and that both he and the bank were then insolvent and that he then knew and understood that such was his financial condition, and the condition of the bank. But if you do so find, then in determining whether he acted with intent to defraud said Lucken you have the right to take these facts into consideration along with all the other evidence introduced which bears upon the question. Intent, like knowledge, upon the part of another, is seldom capable of proof by direct evidence. In the absence of direct evidence the intent with which an act is done, must generally be inferred from all the facts and circumstances attending the doing of the act in question, as shown by the evidence. In this connection, your attention is called to what has already been said in paragraph II hereof. You have a right to infer that any man intends the reasonable and natural consequences of his acts deliberately and intentionally done. And in this case, after a full consideration of all the evidence, it is for you to determine whether or not the defendant, at the time and place in question, had the specific intent to defraud the said G. Lucken by accepting and receiving the deposit in question.''

The instructions must be considered as a whole and when so considered we do not think there was error in giving this instruction.

Instruction No. 11, referred to in the challenged instruction, explained circumstantial evidence. and told' the jury that when circumstances are relied on to establish a fraudulent intent those circumstances must themselves be shown beyond a reasonable doubt and must be of a conclusive nature leading to a satisfactory conclusion and produce a moral certainty that such intent existed. The court said:

"It is not sufficient that they coincide with, or render probable that defendant * .* * had an intent to defraud, but they must exclude any other reasonable hypothesis."

Appellant especially complains of the following sentence:

"You have a right to infer that any man intends the reasonable and natural consequences of his acts deliberately and intentionally done."

In State v. Jones, 70 Iowa 505, we considered a case where the defendant was charged with mayhem. The court instructed the jury that a specific intent to disfigure was an essential element of the crime. We approved an instruction similar to the one given in the case at bar.

See, also, State v. Woodward, 84 Iowa 172; State v. Ockij, 165 Iowa 237; State v. Richardson, 179' Iowa 770, 1. c. 782; Agnew v. United States, 165 U. S. 36, 41 L. Ed. 624; Reynolds v. United States, 98 U. S. 145, 25 L. Ed. 244; State v. Gilman, 69 Me. 163; Commonwealth v. York, 9 Metcalf 93 (Mass.).

The exception to the instruction is not well taken.

 VI. The court withdrew from the consideration of the jury the question of "intent to receive a financial benefit" from the deposit and submitted to the jury only the question of an intent to defraud. The appellant complains that this was error to appellant's prejudice. It is doubtful if any assignment of errors raises this specific question, but in any event, we do not think the court erred in withdrawing this element of the offense charged under the record. It could not have been prejudicial to the appellant to do so. It was not legally necessary for the State to make such an allegation in order to charge the offense,

and it was proper for the court to reject it as surplusage. State v. Judd, 132 Iowa 296; State v. Freeman, 8 Iowa (Clarke) 428; State v. Ormiston, 66 Iowa 143; State v. Ansaleme, 15 Iowa 44; State v. Brooks, 85 Iowa 366; State v. Dankwardt, 107 Iowa 704; State v. Boomer, 103 Iowa 106; State v. Ean, 90 Iowa 534; State v. Briggs, 68 Iowa 416; State v. Snyder, 188 Iowa 1150; State v. Moe, 195 Iowa 270; State v. Wagner, 202 Iowa 739.

We have examined the record with care and we fail to find any reversible error in any of the matters urged by appellant.

The judgment appealed from must be—Affirmed.

EVANS, STEVENS, DE GRAFF, KINDIG, MORLING, and WAGNER, JJ., concur.