STATE OF MINNESOTA *vs*. JOHN BUTLER.

December 12, 1891.

**Indictment—"Executed" a Deed.**—In an indictment an averment that a party "executed" a deed includes all things necessary to its full execution.

**Same—Obtaining Signature to Deed by False Pretences—Description of Deed.**—Where the indictment is for obtaining, by false representations, a party's signature to a deed, the averment that it was a "warranty deed," which means that it was a deed with, at least, covenants of warranty, shows sufficiently that the deed may prejudice the party signing.

**Same—Representation that Land is Unincumbered.**—A false representation that land is unincumbered comes within the statute.

**Same—Averment that Signature was Obtained by False Representations.**—An averment that, by means of the false representations, the defendant did obtain the signature of H. to a deed executed by him, is a sufficient averment that H. was induced by the representations to affix his signature.

**Same—Indictment may Lie though there be a Warranty by Defendant.**—An indictment will not lie upon a mere false warranty, nor upon representations to be implied from mere promises or contract obligations. But, although there be a warranty or contract on the part of the defendant, if there be also false representations of fact, an indictment will lie, provided the representation, and not the warranty or contract, induced the act of the other party.

Case certified from the district court for Nobles county, by *Severance, J.*, upon overruling a demurrer to the following indictment:

[Title.] "John Butler is accused * * * by this indictment of the crime of obtaining a signature by false pretences committed as follows:

"The said John Butler, on the 27th day of April, 1889, at * * * with intent then and there to cheat and defraud one W. W. Hurd, did then and there falsely and feloniously pretend and represent to said W. W. Hurd that lot 12 [describing it] was then free of all liens and mortgages; and said John Butler then and there executed·

a deed of said lot to said W. W. Hurd, which purported to convey said lot to said W. W. Hurd free from all incumbrances. That said representations and pretences were then false and untrue; that said lot was then subject to a mortgage of $2,200, executed by said John Butler and wife to one D. Romberg, and dated July 7, 1887; that said mortgage was on said April 27, 1889, a valid and subsisting lien upon said lot, which fact said John Butler well knew. That by means of which said false pretences and representations the said John Butler did then and there unlawfully, knowingly, and designedly obtain the signature of said W. W. Hurd to a certain warranty deed, bearing date the 27th day of April, 1889, and executed by said W. W. Hurd and Amy Hurd, his wife, to said John Butler, and conveying to said John Butler from said W. W. Hurd [certain land particularly described] and which property was then worth and of value of three thousand (3,000) dollars, with the intent to cheat and defraud as aforesaid the said W. W. Hurd, contrary to the form of the statute," etc.

*Erwin & Wellington* and *W. N. Davidson*, for appellant.

*Moses E. Clapp*, Attorney General, and *J. A. Town*, for the State.

GILFILLAN, C. J. Indictment for obtaining, through false pretences, "the signature of said W. W. Hurd to a certain warranty deed bearing date the 27th day of April, 1889, and executed by said W..W. Hurd and Amy Hurd, his wife, to said John Butler, and conveying to said John Butler" certain land described.

Several objections are made to the indictment, the first of which is that it does not appear that the instrument, the signature to which was obtained, was valid; it is not averred that it was a sealed instrument, nor that it was witnessed or acknowledged. The averment in the indictment that the instrument was a deed "executed by" and "conveying to," etc., disposes of all such objections. The averment of execution includes everything necessary to full execution, and where, in pleading, it is alleged that an instrument was executed, the acts necessary to execution need not be alleged in detail.

The second objection is that the indictment fails to show the instrument signed to be one that can injure Hurd; it does not show that he had any interest in the land. The statute is not aimed at

false pretences that can do no harm, and, where the signature to an instrument is obtained by false pretences, the case comes within the statute only if the instrument, or the affixing of the signature, may possibly prejudice the party who is thus induced to affix it. This indictment does not aver that Hurd or his wife owned any interest in the land, but it avers that the instrument to which his signature was obtained was a "warranty deed," conveying real estate. We think the term "warranty deed" is generally, indeed always, among lawyers or laymen, understood to mean a deed with, at least, covenants of warranty. As such a deed creates a liability, the indictment was in this respect sufficient.

That the false pretences alleged are within the statute, and that the obtaining the signature or inducing the prosecutor to affix it is sufficiently averred, is in accordance with all the authorities.

Another objection to the indictment is made, which does not appear to have been made in the court below, but we will consider it. It is this: that the verbal representations as to incumbrances were merged in the covenants in the deed executed by defendant, and therefore an indictment for such representations will not lie. The false representations are alleged to have been made with respect to incumbrances on land conveyed by defendant to Hurd with a covenant against incumbrances. That a mere false warranty is not a sufficient false representation, and that, where the only representations are such as may be implied from mere promises or contract obligations, the case is not indictable, is in accordance with reason, and also with authority. *State* v. *Chunn*, 19 Mo. 233; *Rex* v. *Codrington*, 1 Carr. & P. 661. So far as there is any intimation in the latter case that, where there is a written contract, an indictment will not lie for prior or contemporaneous oral false representation as to the same matter, it has not been followed, but has been disapproved. In *State* v. *Dorr*, 33 Me. 498, the proper distinction was made. The court held a false representation that there was no incumbrance on property conveyed to be indictable, notwithstanding there was also a covenant against incumbrances, provided the representation, and not the warranty, induced the other party's act. To the same effect is *Watson* v. *People*, 87 N. Y. 561. A party may be willing to take a contract because of

his belief in the representations of fact made to him by the other party. Ordinarily, the presumption would be that the party relied on the contract, and not on the representations, but it would not be conclusive.

Order affirmed.