THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* JOHN BOLIK, Plaintiff in Error.

*Opinion filed October 26, 1909.*

1. CRIMINAL LAW—*party not entitled to instruction unless it is in proper form.* The right of a defendant to an instruction with reference to his defense of *alibi* is the right to an instruction in proper form, and he is not entitled to one which calls attention to the evidence of the *alibi* alone.

2. SAME—*the jury must consider whole evidence and not that touching an alibi alone.* It is the duty of the jury in a criminal case to consider all the evidence, including the criminating evidence as well as the evidence on the defense of *alibi*, as it is a reasonable doubt on the whole evidence, and not as to a particular fact, which will authorize acquittal.

3. RAPE—*when a judgment of conviction will be reversed.* A judgment of conviction for rape will be reversed by the Supreme Court where the only evidence for the People is that of the complaining witness, which is flatly contradicted by the defendant and other witnesses, and which is so unreasonable and inconsistent as to raise a grave doubt of the defendant's guilt and to lead to the conclusion that the verdict was the result of passion or prejudice on the part of the jury.

WRIT OF ERROR to the Criminal Court of Cook county; the Hon. WILLIAM H. McSURELY, Judge, presiding.

A. J. BEDARD, and SAMUEL SPITZER, for plaintiff in error.

W. H. STEAD, Attorney General, and JOHN E. W. WAYMAN, State's Attorney, (JUNE C. SMITH, and JOHN T. FLEMING, of counsel,) for the People.

Per CURIAM: The plaintiff in error was convicted in the criminal court of Cook county of rape and sentenced to the penitentiary for two years.

The complaining witness, Mamie Hanson, a girl fifteen years old, testified that she was a stenographer employed by plaintiff in error at his paint store, 2007 North Halsted

street, Chicago, Illinois, the last two weeks of December, 1908; that thereafter, on January 9, 1909, she asked the plaintiff in error, over the telephone, for employment, and was told that he had some contracts to write; that she thereupon called at his place of business about 5:00 o'clock P. M. on that date and worked for him an hour, and also the next day and the following Monday, January 11, the date on which the assault is alleged to have been committed; that some time between 5:00 and 5:30 P. M. plaintiff in error called her to the back of the store and ravished her against her will and despite her resistance. On cross-examination she stated that she made no outcry; that the assault lasted about two minutes; that persons might have come in the store while they were in the back but that she saw no one when she returned from the rear; that after the assault plaintiff in error unlocked the front door; that she then went away and met one William C. Churchill on a corner near plaintiff in error's store and was with him until about 8:00 o'clock P. M., and that she told him what had occurred. She was brought into the North Avenue police station from a friend's house some three weeks after the alleged assault. Up to that time she did not tell anyone, except Churchill, about what had transpired. She admitted that she had made a complaint and testified before the grand jury against Churchill.

Plaintiff in error testified that he was thirty years of age, married, and was a painting contractor. He denied having committed the assault or having had sexual intercourse with the complaining witness on the date charged or at any other time, claiming that on the day in question he was attending a sick horse and did not reach his store until between 6:00 and 7:00 o'clock P. M., when he found several of his workmen waiting for him. One of these workmen testified that on January 11, 1909, he, with several other workmen, reached plaintiff in error's store from a job about 5:00 or 5:15 P. M. and saw the complaining

witness at her desk, dressed for the street; that she stated that Bolik, before going away early in the day, asked her to remain until the workmen arrived; that she then went away, leaving him and the other workmen waiting for Bolik, who arrived about 6:00 o'clock. Dr. E. L. Quitman, a veterinary surgeon, testified that he was with plaintiff in error on said date between 4:30 and 5:30 P. M. attending a sick horse belonging to plaintiff in error, at 733 Wells street, which is about three miles from said paint store. Several neighbors and associates testified that plaintiff in error's general reputation for chastity was good. The abstract is in narrative form, and the foregoing is the substance of all the testimony preserved in the record.

Plaintiff in error contends that the evidence does not support the verdict. The only testimony for the State was that of the complaining witness, and is in absolute conflict with the testimony of plaintiff in error and two other witnesses. Her testimony is apparently unreasonable in several particulars. She admitted that she made no outcry, and that persons may have come into the store during the time of the alleged attack. She stated that immediately thereafter plaintiff in error unlocked the front door. She made no complaint against the plaintiff in error until three weeks later, after she was brought to the North Avenue police station, and told no one about it until that time, except the young man she was with that evening and against whom she later made a complaint, apparently of the same character as this charge, although the record does not show clearly what the complaint was. As we said in *Rucker* v. *People,* 224 Ill. 131, in discussing the conduct of the complaining witness in a case of a very similar nature: "Her conduct was wholly inconsistent with the acts of a girl entirely innocent and upon whom a dastardly outrage had been committed."

While this court is committed to the fullest extent to the doctrine that the jury are the judges of the facts and

the weight of the evidence in all criminal cases, yet it is the duty of this court to carefully review the evidence, and where we believe the conviction is based upon unsatisfactory evidence, or where, after a patient consideration of the evidence, there remains such grave and serious doubt of the guilt of the accused as leads to the conclusion that the verdict of the jury is the result of prejudice or passion and not of that calm and deliberate consideration of the evidence which the law requires, then we should so find. (*Keller* v. *People,* 204 Ill. 604; *Dahlberg* v. *People,* 225 id. 485.) We do not think the evidence in this record was sufficient to justify the conviction for the crime alleged.

The further complaint is made that the court erred in refusing to give two instructions for plaintiff in error with reference to the defense of *alibi.* Counsel for plaintiff in error insist that one of these instructions should have been given on the authority of *State* v. *Taylor,* 118 Mo. 153, and *Burns* v. *State,* 75 Ohio St. 407, where instructions very similar were approved by those courts. Counsel for defendant in error, on the other hand, insist that this instruction is not exactly· like the instructions approved in those decisions, and, as we understand their argument, insist that the instructions in those cases are wrong. Without passing on the correctness of the instructions in those cases or their similarity to the one here in question, we deem it sufficient to say that both the instructions refused are subject to the criticism that they only call attention to the evidence on *alibi,* when the correct rule is, as has frequently been held by this court, that it is the duty of the jury to consider all the evidence, as well that touching the question of *alibi* as the criminating evidence introduced by the prosecution; that the reasonable doubt the jury is permitted to entertain must be as to the guilt of the accused on the whole evidence, and not as to a particular fact in the case. (*Mullins* v. *People,* 110 Ill. 42; *Hornish* v. *People,* 142 id. 620.) While the defense of *alibi* was raised by plaintiff in error,

he was not entitled to have an instruction given with reference thereto unless he presented such an instruction in proper form.

The judgment of the criminal court will be reversed and the cause remanded.

*Reversed and remanded.*