## PEACOCK *v.* THE STATE OF INDIANA.

[No. 21,562. Filed April 29, 1910.]

1. INDICTMENT AND INFORMATION.—*Clerical Errors.*—*"Felon" for "Feloniously."*—*Wife Desertion.*—An indictment charging that defendant "did then and there unlawfully and felon desert his wife," is sufficient, the word "felon" being evidently a clerical error, the word "feloniously" being supplied therefor. p. 186.

2. CRIMINAL LAW.—*Instructions.*—*How Made Part of Record.*—*Appeal.*—Instructions given in a criminal trial cannot be considered on appeal, unless they are brought into the record by a proper bill of exceptions. p. 186.

From Newton Circuit Court; *C. W. Hanley,* Judge.

Prosecution by The State of Indiana against Erastus Peacock. From a judgment of conviction, defendant appeals. *Affirmed.*

*George A. Williams,* for appellant.

*James Bingham,* Attorney-General, *A. G. Cavins, E. M. White* and *W. H. Thompson,* for the State,

HADLEY, C. J.—Appellant was convicted of wife desertion, under §2635 Burns 1908, Acts 1907 p. 75. His motions to quash the indictment and for a new trial were respectively overruled.

The only objection pointed out to the indictment is that it does not sufficiently charge that the desertion was felonious.    The pertinent part of the indictment is as fol

1.    lows: "That Erastus Peacock, on November 5, 1907, at the county and state aforesaid, did then and there unlawfully and felon desert his wife, Florence Peacock, leaving her without reasonable means of support, she, said Florence Peacock, having never been guilty of adultery, or other vicious or immoral conduct." The point made against the indictment is frivolous. It is manifest that the failure of the scrivener of the indictment to write fully the word "feloniously" is a mere clerical error, and could not have harmed defendant.

The only questions made under the motion for a new trial arise upon instructions given and refused by the court, and there are no such questions properly before us, be

2.    cause no instructions appear in the record by bill of exceptions. Donovan v. State (1908), 170 Ind. 123; Williams v. State (1908), 170 Ind. 642; Heath v. State (1910), 173 Ind. 296; Lucas v. State (1910), 173 Ind. 302.

Judgment affirmed.