## 10550

### STATE v. WILSON.

(105 S. E. 341.)

1. CRIMINAL LAW—CHARGE MUST BE CONSIDERED IN ENTIRETY.—The charge of the presiding Judge in a prosecution for murder must be considered in its entirety in determining whether any particular portion thereof was erroneous.

2. CRIMINAL LAW—OMISSIONS FROM CHARGES ON MALICE AND MANSLAUGHTER HELD CURED BY OTHER CHARGES.—Omissions from the portions of the charge defining malice of the qualifying words "without just cause or excuse," and from the charge on manslaughter of the words "from sudden heat and passion on sufficient legal provocation," was not error, where other portions of the charge fully and correctly stated the law as to malice and manslaughter, including the omitted elements.

3. CRIMINAL LAW—OMISSION TO CHARGE ON ACCIDENTAL KILLING HELD NOT ERROR IN VIEW OF ENTIRE CHARGE.—The failure of the Court to give a charge on accidental killing was not error, where, under the charge considered as a whole, the jury could not have found defendant guilty if they had been satisfied the killing was accidental.

4. CRIMINAL LAW—ACCUSED MUST REQUEST CHARGE ON ACCIDENTAL KILLING.—Accused cannot except to the failure of the Court to give a charge on accidental killing, where he did not present a request to charge embodying that phase of the case.

5. CRIMINAL LAW—EXCEPTION TO OVERRULING MOTION FOR NEW TRIAL IS TOO GENERAL.—An exception because the Court erred in not granting a motion for new trial, made in arrest of judgment, is too general for consideratioin.

6. HOMICIDE—STATEMENT ON OVERRULING MOTION FOR NEW TRIAL HELD NOT ERROR.—An exception to the denial of a new trial after conviction for murder because the Court stated as one reason that after accused placed his hands on deceased he did not apologize, so that the blow from deceased would naturally be expected, is without merit, where the statement of the Court also showed that the reply of accused indicated that his act was done in a spirit of reckless indifference and contempt of deceased.

Before TOWNSEND, J., Richland, June term, 1920. Affirmed.

Albert Wilson, convicted of the murder of B. B. Butler, and sentenced to death, appeals.

*Messrs. B. J. Wingard* and *J. Brooks Wingard,* for appellant, cite: *Charge did not sufficiently define malice:* 2 Rich. 179; 73 S. C. 277; 68 S. C. 304; 79 S. C. 230; 72 S. C. 102. *Judges shall declare the law:* Constitution 1895, art. V, sec. 26; 68 S. C. 304; 91 S. C. 243; 73 S. C. 341; 77 S. C. 388.

*Messrs. A. F. Spigner, Solicitor,* and *C. T. Smith, Jr.,* for respondent.

December 20, 1920.

The opinion of the Court was delivered by MR. CHIEF JUSTICE GARY.

The defendant was indicted for the murder of B. B. Butler, and the jury rendered a verdict of guilty. The defendant made a motion for a new trial, which was refused; and the sentence of death by electrocution was imposed upon him, from which he appealed.

The first, second, and third exceptions will be considered together, and are as follows:

(1) " 'Malice' is a term of art, importing wickedness"— the error being that the Court should have added to this the words "and excluding a just cause or excuse."

(2) "Malice may be implied from the intentional use of a deadly weapon"—the error being the omission of the qualifying words "without just cause or excuse."

(3) " 'Manslaughter' is the unlawful and felonious killing of a human being without malice"—the error being in failing to add "from sudden heat and passion upon sufficient legal provocation."

His Honor, the presiding Judge, delivered a full, clear, and able charge, which must be considered in its entirety, in determining whether any particular portion thereof was erroneous.

In addition to the language quoted in these exceptions, he also charged:

"Now, 'malice' is a term of art importing wickedness. It is the deliberate, intentional doing of an act which the person acting knows to be wrong, and in violation of a duty to another, where one consciously and intentionally violated the law, and where he acts with deliberation in so doing. Malice need not be in the mind of the party so acting for any particular length of time before the act, but if it is present in the mind of the party for any length of time before the act, and if, at the time, it prompts and inspires the act, then its presence is sufficient to render the killing of a human being murder.

" 'Express malice' is where one kills another, where the malice is evidenced and proved by previous threats, old grudges, lying in wait, or by words showing an evil intent to do the act. That is one way in which malice may be shown. And malice is implied from any deliberate, cruel act committed by one person against another. It is presumed or implied from the intentional doing of an unlawful act without excuse or without just cause. It may also be implied from an intentional use of a deadly weapon. These presumptions, however, are rebuttable. It has been held that where the act which produces death is attended with such circumstances as indicate a wicked, depraved, or malignant spirit, the law will imply malice, and the law implies malice where a defendant intentionally, deliberately kills a person, and where no other fact in reference to the transaction is known. But where all the facts' surrounding the transaction come out before the jury, then it is for the jury to say whether or not the killing was prompted by malice. So it is a question of fact for the jury to determine in every case whether or not the killing was prompted by malice, which would make it murder, or was without malice, which, if it was unlawful, would make it manslaughter, or whether the guilt of a defendant of either murder or manslaughter

has been proved to their satisfaction beyond a reasonable doubt.

"Now, manslaughter, as I stated a while ago, is an unlawful killing without malice, in sudden heat and passion aroused by a legal provocation. In law mere words would not amount to a legal provocation, but a legal provocation must include some act which is calculated to arouse passion or anger."

It will thus be seen that the charge is not subject to the errors assigned in these exceptions.

The fourth, fifth, sixth and seventh exceptions will be considered together and are as follows:

(4) In failing to charge the jury and explaining to them the law governing an accidental killing, there being testimony in this case tending to show that the killing occurred while the defendant and others were struggling with the pistol trying to disarm the defendant.

(5) Because the Court erred in not distinguishing between killing in self-defense and accidental killing—the rule in both cases requiring the State to prove the killing with malice beyond a reasonable doubt, before a verdict for murder can be found.

(6) The defense that the killing was accidental is in no sense an affirmative defense, and negatives the presumption of malice, and the Court erred in not so charging the jury in this case.

(7) The defense of accidental killing is a denial of the criminal intent, and throws upon the State the burden of proving such intent beyond a reasonable doubt, and the accused is not required to sustain such defense by a preponderance of testimony.

There are two reasons why these exceptions cannot be sustained.

In the first place, under the charge considered as a whole, the jury could not have found the defendant guilty if they

had been satisfied that the killing was merely accidental. And, in the second place, it was the duty of the defendant's attorney to present a request to charge embodying the phase of an accidental killing if they intended to rely upon that proposition on appeal to the Supreme Court.

The eighth exception is as follows: "Because the Court erred in not granting the motion for a new trial made in arrest of judgment in the case."

This exception is too general for consideration.

The ninth exception is as follows: "Because the Court erred in refusing the motion for a new trial, and stating as one of his reasons therefor: 'Even if inadvertently, he (Wilson) placed his hands upon Mr. Butler's person in order to steady himself, upon Mr. Butler's protesting, instead of apologizing and excusing it as an inadvertent act, * * * the blow that followed on Mr. Butler's part would naturally be expected under the circumstances'"—the error being that the deceased was not legally justified in striking the defendant under such circumstances, and the defendant had the legal right to defend himself.

The language of his Honor, the presiding Judge, with the omitted words, is as follows:

"He got on a crowded car, and even if inadvertently he placed his hands upon Mr. Butler's person in order to steady himself, upon Mr. Butler's protesting, instead of apologizing and excusing it as an inadvertent act, his reply would indicate that it was done in a spirit of reckless indifference and contempt of Mr. Butler, and the blow that followed on Mr. Butler's part would naturally be expected under the circumstances."

The added words show that the exception is without merit.

It is the judgment of this Court that the judgment of the Circuit Court be affirmed, and the case be remanded to the Circuit Court for the purpose of having another day assigned, carrying into execution the sentence imposed by the Court.

MESSRS. JUSTICES HYDRICK, WATTS and FRASER concur.

MR. JUSTICE GAGE did not take part on account of sickness.