GILLESPIE v. STATE OF INDIANA.

[No. 24,301. Filed January 18, 1924.]

1. FALSE PRETENSES.—*Indictment.*—*Necessary Allegation.*—An indictment under §2588 Burns 1914, Acts 1907 p. 431, defining the crime of obtaining the signature of any person to a written instrument, or obtaining money or other property, by false pretenses, with intent to defraud, which alleges the obtaining of a signature to a bank check by false pretenses, sufficiently charges the crime, and an averment that money was afterwards obtained upon the check is unnecessary and superfluous. p. 157.

2. FALSE PRETENSES.— *Indictment.*— *Procuring Execution of Check.*—In an indictment for obtaining a signature to a bank check by false pretenses and with intent to defraud, under §2588 Burns 1914, the allegation that the prosecuting witness

executed the check implies that he signed and delivered it and did everything necessarily included in an execution thereof. p. 157.

3. FALSE PRETENSES.—*Indictment.*—*Necessary Allegations.*—An indictment for obtaining a signature to a check by false pretenses, is not defective for failing to allege whose money the accused obtained when he cashed the check, as the check is an instrument capable of working an injury to the person who signed it. p. 158.

4. FALSE PRETENSES.—*Indictment.*—*Knowledge of Falsity.*—An indictment which charges that the accused "did then and there unlawfully, feloniously, knowingly and falsely pretend, with intent then and there, by such false pretenses, to cheat and defraud" sufficiently alleges a knowledge that the pretenses were false when he made them. p. 158.

5. FALSE PRETENSES.—*Indictment.*—*Allegations of Fraud.*—An indictment charging fraud under §2588 Burns 1914 which alleges that the accused offered for sale materials which he represented to be "pure and genuine linen" and alleges that in fact they contained a large quantity of cotton, sufficiently alleges a false representation since the use of the words "pure and genuine linen" excludes the idea that the material was a substitute, composed in part of cotton. p. 158.

6. FALSE PRETENSES.— *Evidence.*— *Reliance upon Representations.*—*Question for Jury.*—Evidence that the prosecuting witness, in a prosecution for obtaining his signature to a check by false pretenses, relied to some extent on the judgment of his wife in purchasing goods, but the accused represented to him that the material was genuine and he believed him and bought them on such representation, was sufficient to justify a jury in believing that he was so induced. p. 160.

7. CRIMINAL LAW.—*New Trial.*—*Evidence.*—*Variance.*—*Objection.*—Objection to a variance between the indorsements on the back of a check as set out in the indictment and as introduced in evidence must be made by objection to the introduction of the check in evidence, and cannot be made under the ground for new trial that the evidence is not sufficient to sustain the verdict. p. 160.

8. CRIMINAL LAW.—*Evidence.*—*Accomplices.*—Evidence of a confederate is admissible against the accused where it clearly appears that they were working to accomplish the same purpose, and the fact that they were not jointly charged, or that accused was not charged with conspiracy, does not change the rule. p. 160.

9. CRIMINAL LAW.—*Appeal.*—*Instructions.*—*Bill of Exceptions.*—The only way instructions can be made a part of the record

in a criminal case, is by a bill of exceptions properly presented to and signed by the judge, and filed.   p. 161.

10.   CRIMINAL LAW.—*Appeal.—Review.—Instructions.*—No question is presented to the court upon instructions in a criminal case, unless they have been brought into the record by a bill of exceptions.   p. 161.

From Rush Circuit Court; *Ralph Himelick,* Judge.

James Gillespie was convicted of obtaining a signature to a written instrument by false pretenses, and he appeals.   *Affirmed.*

*Curtis G. Shake* and *Joseph W. Kimmell,* for appellant.

*U. S. Lesh,* Attorney-General, and *Mrs. Edward Franklin White,* Deputy Attorney-General, for the State.

GAUSE, J.—This is an appeal· from a judgment convicting the appellant under an indictment seeking to charge a violation of §2588 Burns 1914, Acts 1907 p. 431, which is the statute defining the crime of obtaining the signature of any person to a written instrument, or obtaining money or other property, by false pretense, with intent to defraud.

The appellant filed a motion to quash the indictment, which motion was overruled and an exception reserved.

The appellant assigns this ruling as one of the errors relied upon and in his brief points out three objections which he has to the indictment, so these are the only questions we will consider in reference thereto.

The appellant first says that the indictment is defective for failing to allege who was the owner of the money charged to have been obtained by the false pretenses.   We think this objection is urged because of a misconception of the charge.   As we view the indictment, it charges the obtaining of the signature of the prosecuting witness to a written instrument, namely, a bank check, by false pretenses.

True, the indictment does allege that appellant after-
wards obtained money on this written instrument, the
purpose of which averment evidently was to
1. show that the instrument was one that could
result and did result in a damage to the person
signing the same; but this averment was unnecessary
and the offense was complete when appellant obtained
the signature of the prosecuting witness to the check,
if it was obtained by false pretenses, with intent to
defraud, as alleged, and if it was such an instrument
as could be used to work an injury to the signer.

The indictment, after charging the pretenses and the
falsity thereof, and the intent to defraud, charges that
the prosecuting witness relied upon such false pretenses
and, being deceived thereby and by reason of such re-
liance and belief, did then and there "buy the aforesaid
three sets of table cloths, toweling of and from the
said James Gillespie, and did then and there execute a
certain check made payable to the said James Gillespie
in the amount of fifty-five and fifty hundredths dollars
in payment for the aforesaid three sets of table cloths,
toweling; that a true and correct copy of the aforesaid
check is as follows, to-wit." And then follows a copy
of the check, being a bank check in the usual form,
signed by the prosecuting witness and payable to the
appellant.

The allegation that the prosecuting witness executed
said check implies that he signed and delivered it and
is a charge that he did everything necessarily
2. included in an execution thereof. *State* v. *Butler*
(1891), 47 Minn. 483, 50 N. W. 532. The offense
being complete when the prosecuting witness executed
the check, and it being such an instrument as was ca-
pable of working an injury to the person whose signature
was obtained, then actual loss or prejudice to such per-
son need not be shown. *People* v. *Galloway* (1837), 17

Wend. (N. Y.) 542; *People* v. *Sully* (1860), 5 Park. Crim. Rep. (N. Y.) 142, 170; *People* v. *Genung* (1833), 11 Wend. (N. Y.) 19, 25 Am. Dec. 594; *State* v. *Butler, supra; State* v. *Jamison* (1888), 74 Iowa 613, 38 N. W. 509. It was therefore not necessary to allege whose money the appellant obtained when he cashed the check, and the indictment is not defective for not alleging such fact.

It is also contended by the appellant that the indictment is defective because it fails to allege that the appellant knew that the pretenses were false when he made them. It is alleged that the appellant "did then and there unlawfully, feloniously, knowingly and falsely pretend, * * * with intent then and there, by such false pretenses, to cheat and defraud," etc. This is clearly sufficient to charge knowledge. *State* v. *Snyder* (1879), 66 Ind. 203; 2 Bouvier's Law Dictionary (3d Revision) p. 1809, the word "Knowingly."

It is next contended by appellant that the indictment is defective because it alleges that appellant represented the material which he sold to the prosecuting witness to be "pure and genuine linen, when in truth and fact the said goods as aforesaid was not pure and genuine linen, but was a material containing a large quantity of cotton," etc., the appellant claiming that the fact it contained cotton was not inconsistent with its being pure and genuine linen. We think otherwise. The common and accepted meaning of the word "linen," when used alone, is that it is a material woven from the fibers of flax. Standard Dictionary. This would be the only meaning accorded it when referred to as pure and genuine linen. When qualified by being described as table-linen, bed-linen, etc., it might be understood as having a different meaning, because of such terms being used to denote materials not

composed of pure linen. If only the word "linen" was used to describe the material, there would be more of a question presented; although, even then. we think it would mean the product of flax only.

If it is described as pure and genuine linen, the person using such a description would necessarily be understood as excluding the idea that it was a substitute or impure article, composed in part of cotton. We do not think the indictment is defective for any of the reasons urged against it.

The appellant has assigned as error the overruling of his motion for a new trial. One of the grounds of such motion was that the verdict was not sustained by sufficient evidence.

He insists that the evidence is not sufficient, because it fails to show that the false representations made by appellant were the controlling cause whereby he was induced to buy the goods, but that the evidence shows and the prosecuting witness testified that he relied to some extent upon his wife's judgment in buying the goods.

The prosecuting witness answered a question as to whether he did not rely on the judgment of his wife in buying this linen, as follows: "Well to some extent but then he represented it to be real linen manufactured in Ireland." He further testified directly to the representations as charged, and that he believed them and bought the goods on the representation that it was genuine linen.

The false pretenses charged must have entered into the transaction and constituted a material inducement to the transfer of the property or the execution of the instrument. *State* v. *Conner* (1887), 110 Ind. 469; *Mc-Crann* v. *State* (1920), 189 Ind. 677, 128 N. E. 848.

As to whether the prosecuting witness was induced to execute the check because of the false pretenses of

the appellant, was a question of fact for the jury.

6. There was sufficient evidence to justify the jury in believing that he was so induced.

Appellant says the evidence is not sufficient to sustain the verdict, because there was a variance between the indorsements on the back of the check as introduced in evidence, and the check as set out in the indictment.

If there was such a variance, the appellant, in order to avail himself of any question in relation thereto, must have objected to the introduction of the check in

7. evidence and then have assigned the ruling of the court thereon as a cause for a new trial. The ruling in admitting such check in evidence is not presented by an assignment that the verdict is not sustained by sufficient evidence. *Bradley* v. *State* (1905), 165 Ind. 397; *Miller* v. *State* (1905), 165 Ind. 566; *Donnelly* v. *State* (1924), *ante* 136.

It is insisted by appellant that the court erred in permitting the prosecuting witness to testify to a conversation had with a third person out of the immediate presence of appellant, regarding the quality and place of manufacture of the goods sold by appellant.

The evidence showed that appellant and this third man, whose name is not disclosed by the record, came to the home of the prosecuting witness together in

8. an automobile. That this third person first talked to the prosecuting witness about the goods and made some statements about its quality. That this conversation occurred at the barn, out of the presence of the appellant. That all three of them then went in the house where appellant made statements similar to those made by the third person at the barn. That appellant and the third person both talked in the house about the quality of the goods and where it was made, stating that it was pure linen, made in Ireland.

The evidence shows that both of them joined in urg-

ing the sale and that they acted together. That the third person introduced appellant as his cousin, and it was stated by one in the presence of the other that they were selling these goods in order to get acquainted with the farmers in that community, as they were going to start a factory at Columbus.

The evidence clearly shows that these men were confederates working to accomplish a common purpose, and the statements of either in furtherance of that purpose were admissible against the other. The fact that they were not jointly charged, or that appellant was not charged with a conspiracy, does not change the rule. *Pierce* v. *State* (1887), 109 Ind. 535; *Brunaugh* v. *State* (1910), 173 Ind. 483.

The only other alleged errors pointed out by appellant in his brief relate to instructions given by the court, but the instructions given are not in the record.

9. The only way instructions can be made a part of the record in a criminal case, is by a bill of exceptions properly presented to and signed by the judge, and filed. *Tribbey* v. *State* (1918), 189 Ind. 205; *Peacock* v. *State* (1910), 174 Ind. 185; *Donovan* v. *State* (1908), 170 Ind. 123. No effort has been made to bring the instructions into the record by a bill of exceptions, and we cannot consider any questions relating thereto.

10. The appellant not having pointed out any error, the judgment should be affirmed.

Judgment affirmed.