(No. 16099.—Reversed and remanded.)

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* RUSSELL TRUE *et al.* Plaintiffs in Error.

*Opinion filed October 28, 1924.*

1. CRIMINAL LAW—*when conviction will be reversed on the evidence.* A reviewing court will reverse the trial court's judgment on the evidence only when it is able to say, after a careful consideration of all the evidence, that there is clearly a reasonable doubt of the defendant's guilt.

2. SAME—*jury must determine credibility of witness testifying to an alibi.* Where a case depends upon the credibility of witnesses who on one side identify the accused persons as the guilty parties and on the other testify to an alibi, the Supreme Court will not substitute its judgment for that of the jury unless it is clear that the jury has made a mistake or acted from passion or prejudice.

3. SAME—*an instruction as to alibi should be limited to that defense.* Where an alibi is not the sole defense interposed by the

defendants an instruction on the subject of alibi should be expressly limited to that defense, as the defendants are entitled to any other defense upon a plea of not guilty, and if the instruction is not so limited the jury might be misled into deciding the guilt or innocence of the defendants upon the instruction, alone, without considering the whole evidence or deciding that the prosecution has proved the guilt of the defendants beyond a reasonable doubt.

4. SAME—*instruction should not take evidence from jury.* An instruction should not take from the jury the right to consider any evidence properly before it.

5. SAME—*an incorrect instruction is not cured by correct one.* Persons accused of crime are entitled to have the jury instructed with substantial accuracy, and an incorrect instruction in a case where the evidence is conflicting is not cured by a correct one, since it is impossible to determine which instruction the jury followed.

WRIT OF ERROR to the Circuit Court of Sangamon county; the Hon. ELBERT S. SMITH, Judge, presiding.

A. M. FITZGERALD, W. A. RUEGG, and SHERMAN, BAINUM & PREE, for plaintiffs in error.

EDWARD J. BRUNDAGE, Attorney General, C. F. MORTIMER, State's Attorney, and JAMES B. SEARCY, (JAMES M. WELDON, OSCAR J. PUTTING, and H. E. FULLENWIDER, of counsel,) for the People.

Mr. JUSTICE DEYOUNG delivered the opinion of the court:

The grand jury of Sangamon county, on January 22, 1924, indicted Russell True, Roy Spain and Howard Fagan for robbery. The indictment consists of two counts. The first count charges that True, Spain and Fagan robbed William H. Diebold of $96 in currency and thirty-nine pints of whisky, valued at $2 per pint. The second count charges them with the same robbery while armed with a dangerous weapon. Fagan failed to appear at the trial. The jury found True and Spain guilty of robbery as charged in the second count. Motions for a new trial and in arrest of

judgment were overruled and True and Spain were sentenced to the penitentiary at Chester. They prosecute this writ of error to review the record.

The robbery was committed at about eleven o'clock P. M. on October 27, 1923, in the Allen Street Drug Store, at the southeast corner of Spring and Allen streets, in the city of Springfield. Two witnesses appeared in behalf of the prosecution. William H. Diebold, manager of the store, testified that three men, Fagan, True and Spain, entered; that True asked him for bromidia, and at the same instant Fagan, pointing a gun, drove him into the prescription room, commanded him to put up his hands and face the wall, and searched his pockets and the drawers of a certain case; that Hiram Williams, the porter, ran out of the front door but Spain brought him back, and he, too, was compelled to face the wall; that Fagan ordered the witness to open the safe, which he did; that Fagan asked where the whisky could be found, and when informed that it was in the basement, entered it, filled his pockets with bottles containing whisky, and took a case, which at his command was carried away by Spain; that Fagan and Spain each had a gun; that the three men took $10 from him, $10 from the safe, $76.77 from the cash register and thirty-nine pints of whisky, which cost $2 and sold at retail for $3 per pint; that the store at the time of the robbery was well lighted, and that while he was not personally acquainted with Spain, he had seen him drive an ice wagon, but that he had never seen True or Fagan before.

Hiram Williams, the porter, corroborated, in substance, the testimony of Diebold. He also testified that when Fagan pointed the gun at Diebold he (Williams) ran out of the store and about thirty-five feet alongside of the building and lay down; that Spain then, by a threat to kill him, compelled him to re-enter the store and face the wall of the prescription room; that it was light outside the building owing to the presence of an electric sign; that True and

Spain participated in the robbery; that he had been acquainted with Spain for several years but had never seen True before that night, and that on that night he failed to make known who had robbed the store or to inform Diebold that he was acquainted with Spain but that he told the police that he did not know the identity of the robbers.

On the part of the plaintiffs in error, six witnesses, including True, testified that at the time of the robbery True was playing cards at Frank Arken's pool-room, apparently some distance from the Allen Street Drug Store. Six other witnesses testified that Spain was at Henry Eck's soft-drink parlor from approximately fifty minutes past ten o'clock until forty minutes past eleven o'clock on the night of the robbery. Edward Leedom testified that he, Fagan and Samuel Haynes committed the robbery. At the time of the trial Leedom was in the Sangamon county jail, Fagan was incarcerated in jail at Lincoln, and Haynes was a prisoner in the penitentiary at Chester. It will serve no useful purpose to detail the testimony of the several witnesses for the plaintiffs in error. They are in substantial accord as to the whereabouts of the plaintiffs in error at the time the crime charged was committed. Of these witnesses, one was a young woman engaged to marry True, others often frequented the places where the plaintiffs in error claimed to have been on that night, and some were relatives of Spain. These witnesses did not, it seems, volunteer to give any information concerning the whereabouts of the plaintiffs in error on the night in question until they (the witnesses) were informed by persons interested in the defense that their testimony would be required. If their testimony was trustworthy it established a complete alibi for the plaintiffs in error. On the contrary, the identification of the plaintiffs in error by the two witnesses for the State was positive. Williams, the porter, it is true, did not promptly make known his acquaintance with one of the robbers, but his failure in this respect does not necessarily destroy, or even

impair, the credibility of his testimony. The jury had an opportunity, which is denied us, to see and observe the witnesses, to judge their character from their appearance and conduct on the witness stand, and to form an opinion upon the accuracy of their observation, the clearness of their recollection and the trustworthiness of their narrative. It is the province of the jury to determine the credibility of the witnesses and the weight to be given to their testimony. A reviewing court will reverse the trial court's judgment only when it is able to say, after a careful consideration of all the evidence, that there is clearly a reasonable doubt of the accused person's guilt. (*People* v. *Grosenheider*, 266 Ill. 324; *People* v. *McCann*, 247 id. 130; *People* v. *Fisher*, 303 id. 594.) Where a case depends merely upon the credibility of witnesses who on one side identify the accused persons as the guilty parties and on the other testify to an alibi, this court will not substitute its judgment for that of the jury unless it is clear that the jury has made a mistake or acted from passion or prejudice. *People* v. *Fisher*, supra; *People* v. *Hildebrand*, 307 Ill. 544; *People* v. *McGuirk*, 312 id. 257.

The plaintiffs in error complain of the fifth instruction given on behalf of the People, which reads:

"The court instructs the jury that although the evidence accounted for movements of the defendants some part of the time before and at the time of the commission of the crime, before it would authorize an acquittal of the defendants, it must appear that at the time of the commission of the crime charged in the indictment the defendants were at another place so far away, under such circumstances, that they could not with ordinary exertion have reached the place where the crime was committed, so as to have participated therein."

This instruction is not limited to the defense of an alibi. If the instruction by its language had shown that the pur-

pose was merely to state the law applicable to the evidence in support of that defense it would not have been misleading, but the instruction informed the jury that before the evidence would authorize an acquittal it must have appeared that the defendants were elsewhere and could not have reached the scene of the crime at the time it was committed. An alibi was not the sole defense interposed by the plaintiffs in error nor was their evidence confined to it. They were not limited to that defense. (*People* v. *Fisher,* 295 Ill. 250.) The jury might have believed Leedom, who testified that he, and not the plaintiffs in error, committed the crime, and it might have disbelieved all the other evidence offered in their behalf. The jury might have concluded that the State had failed to prove the guilt of the plaintiffs in error beyond a reasonable doubt but that under the fifth instruction it could not acquit unless it believed that the evidence proved an alibi. The guilt or innocence of the plaintiffs in error must be determined from the whole evidence, and not alone from the evidence concerning an alibi or any particular fact in the case. (*People* v. *Bolik,* 241 Ill. 394; *Flanagan* v. *People,* 214 id. 170.) An instruction should not take from the jury the right to consider any evidence properly before it. (*Waters* v. *People,* 172 Ill. 367.) In the absence of any prefatory statement or explanation that the fifth instruction was to be considered as a statement of the law on the question of an alibi, only, we cannot assume that the jury would so construe the instruction and limit it to that defense, even though the jury may have been properly charged by other instructions. Persons accused of crime are entitled to have the jury instructed with substantial accuracy. (*People* v. *Stoneking,* 289 Ill. 308.) An incorrect instruction in a case where the evidence is conflicting is not cured by a correct one, since it is impossible to determine which instruction the jury followed. *People* v. *Harvey,* 286 Ill. 593; *People* v. *Strause,* 290 id. 259.

Counsel for the State, however, contend that an instruction identical with the fifth instruction was approved in *People* v. *Todd,* 301 Ill. 85. The opinion in that case does not set forth the whole instruction, but an examination of the record shows that it was confined solely to the question of an alibi. The instruction reads:

*"The court instructs the jury that one of the defenses relied upon by the defendant is that of alibi.* You are further instructed that, although you may believe from the evidence that the movements of the defendant may have been accounted for at some part or portion of the time before and at the commission of the crime charged in the indictment, still, before *this defense* would be sufficient to authorize an acquittal of the defendant, it must appear that, at the time of the commission of the crime charged in the indictment, the defendant was at another place so far away under such circumstances that he could not, with ordinary exertion, have reached the place where the crime was committed so as to have participated therein."

A comparison of the two instructions will disclose that the italicized portions of the instruction given in *People* v. *Todd, supra,* were omitted here. In that case the instruction was properly limited to the defense of an alibi. The fifth instruction given in the instant case was not so limited but in effect it removed from the jury's consideration evidence properly introduced. The instruction is erroneous and the giving of it constitutes reversible error.

The judgment of the circuit court will be reversed and the cause remanded for a new trial.

*Reversed and remanded.*