## SMITH v. STATE OF INDIANA.

### [No. 25,122. Filed December 17, 1926.]

1. CRIMINAL LAW.—*Defendant who did not request instruction on issue of accidental killing cannot complain of its omission.*— A defendant charged with murder who did not request an instruction on the issue of accidental killing cannot complain of its omission, especially where the jury was instructed that it should not find the defendant guilty if the killing was accidental. p. 616.

2. CRIMINAL LAW.—*Refusal of instruction not presented for review on appeal where judge did not sign bill of exceptions containing it.*—As instructions can only be brought into the record in a criminal case by a bill of exceptions, the refusal to give

a requested instruction is not presented for consideration on appeal where the bill of exceptions containing such instruction was not signed by the judge. p. 618.

3. HOMICIDE.—*Instruction on self-defense held proper although defense was that the killing was accidental.*—The giving of an instruction stating the law of self-defense in a prosecution for murder *held* proper in view of evidence by the defendant and several of his witnesses that the deceased had frequently threatened to kill him and that she was pursuing him with a butcher knife at the time the shot was fired that killed her, although the defense was that the killing was accidental. p. 618.

4. CRIMINAL LAW.—In charging the jury in a criminal case, the court should instruct the jury as to all matters which are necessary for the information of the jury in reaching a proper verdict. p. 618.

5. CRIMINAL LAW.—*Instruction that defendant's testimony as to commission of other crimes could be considered only in determining his credibility held proper in specific case.*—An instruction that defendant's testimony as to the commission of other crimes could not be considered as proof of his guilt of such crimes, but only in determining his credibility, was not objectionable where he testified that he had been convicted of one other crime and admitted that he had committed another. p. 619.

6. HOMICIDE.—Evidence held sufficient to sustain conviction of charge of murder in the second degree. p. 620.

From Marion Criminal Court (59,281) ; *Fremont Alford,* Special Judge.

John Smith was convicted of murder in the second degree, and he appeals. *Affirmed.*

*Thomas C. Whallon,* for appellant.

*Arthur L. Gilliom,* Attorney-General and *Edward J. Lennon, Jr.,* Deputy Attorney-General, for the State.

GEMMILL, C. J.—The appellant was indicted by the grand jury of Marion county for murder in the first degree. Upon arraignment, he entered a plea of not guilty. The jury found that he was guilty of murder in the second degree and that he should be imprisoned in the Indiana State Prison during life. He has ap-

pealed from the judgment rendered on the verdict and has assigned as error that the court erred in overruling his motion for a new trial.

From the evidence of the state in the criminal court, the following appears: John Smith, the appellant, had a place at 520 Agnes street in the city of Indianapolis where he sold soft drinks, sandwiches and other articles, and also unlawfully sold white mule liquor. One Rose Johnson worked for him there. On August 22, 1925, a bullet from a revolver held by the appellant killed her. These parties had quarreled several times and she had often threatened to kill him. On one previous occasion, the appellant had knocked her down, had kicked her and had broken her jaw. Immediately prior to the shooting, she was rushing at appellant with a butcher knife. He went through a door, which he had almost closed, when he reached for his revolver which he was carrying in a belt, secured it and fired a shot through the door. The bullet struck her in the neck and she lived only a short time. A few minutes before this, he had slapped her on the jaw and, at that time, she said she would kill him.

The appellant testified: That, before the shooting, she struck at him and hit his shirt with a knife, and followed him. That as he went through the door, his revolver started to fall and he grabbed it, and, as he did so, the door hit the pistol and it shot. That he did not shoot with the intention of hitting her and did not shoot in self-defense. That after the argument and quarrel, a short time before, when he hit her on the jaw, he was playing with her.

Appellant's principal contention is that the court, in instructing the jury, instructed as to the law of self-defense, when there was no such claim made by the defendant, and did not instruct relative to the theory of accidental shooting. No request

1.

was made by the appellant for such an instruction. When the defendant did not request an instruction on the issue of accidental killing, he cannot complain of the omission. Branson, Instructions to Juries §126; *Chesterfield* v. *State* (1923), 194 Ind. 282, 141 N. E. 632; *Webb* v. *State* (1919), 149 Ga. 211, 99 S. E. 630; *State* v. *Ray* (1920), 225 S. W. (Mo.) 969; *State* v. *Wilson* (1920), 115 S. C. 248, 105 S. E. 341; *People* v. *White* (1907), 5 Cal. App. 329, 90 Pac. 471; *People* v. *Bolik* (1909), 241 Ill. 394, 89 N. E. 700; *Steers* v. *United States* (1911), 192 Fed. 1, 10; *Schultz* v. *United States* (1912), 200 Fed. 234, 239. In *Marks* v. *Jacobs* (1881), 76 Ind. 216, 218, it was urged that the judgment be reversed because the court failed to instruct the jury upon certain points, and this court said: "The rule in such cases is, that the party complaining of an omission in the instructions must ask the court for an instruction covering the omission. The failure of such party to ask such instruction, and except to the refusal to give it, operates as a waiver of any objection to such omission, and leaves him without any question reserved for the decision of this court." And in connection herewith, it should be said that the court instructed the jury as to murder in the second degree, stating that the killing had to be done purposely and maliciously, but without premeditation; and in another instruction informed the jury that if they found from the evidence beyond a reasonable doubt that Rose Johnson was killed by the defendant, their next inquiry would be whether it was done purposely, that is intentionally or designedly. These instructions, in effect, stated that the defendant should not be found guilty if the jury believed from the evidence that the killing was accidental and not unlawful.

In the motion for a new trial, one of the reasons is that the court erred in refusing to give instruction No.

1, requested and tendered by the defendant. The only way instructions can be made a part of the record in a criminal case is by a bill of exceptions properly presented to and signed by the judge and filed. *Donovan* v. *State* (1908), 170 Ind. 123, 83 N. E. 744; *Gillespie* v. *State* (1924), 194 Ind. 154, 142 N. E. 220. The instruction is not in the record by a bill of exceptions signed by the judge. As the requested instruction has not been brought into the record by a proper bill of exceptions, it cannot be considered on appeal. *Peacock* v. *State* (1910), 174 Ind. 185, 91 N. E. 597; *Tribbey* v. *State* (1918), 189 Ind. 205, 126 N. E. 481; *McNaught* v. *State* (1924), 194 Ind. 209, 142 N. E. 418.

Instructions were given by the court on its own motion on the law of self-defense, and in the first of said instructions on that subject, it was stated that the defendant insisted that the acts charged in the indictment, if committed by him, were committed in self-defense. To each of these instructions, the defendant excepted and the giving of each is claimed as error in the motion for a new trial. It is not contended that these instructions do not correctly state the law; but it is argued that they should not have been given at all. The court was justified by the evidence in giving said instructions, as appellant and four witnesses testified that Rose Johnson had, on numerous occasions, threatened to kill him; as he testified that just prior to the time the shot was fired, she had struck at him and was pursuing him with a butcher knife, and said she was going to kill him and he believed she was; and as he showed by three witnesses that her reputation in the community where she lived up to the time of her death for "peace and quiet" was bad. In charging the jury, the court must state to them all matters of law which are necessary for their information in giv-

ing their verdict. §2301, cl. 5, Burns 1926, §2136, cl. 5, Burns 1914. In 1 Randall, Instructions to Juries §467, it is said: "The general rule is that, where the evidence raises the issue, the court should instruct on the law of self-defense, whether asked to do so or not, and under a statute requiring the jury to be instructed on all questions of law arising in the case which are necessary for their information, it is held that such a charge is necessary where the issue of self-defense is presented by the evidence of the state, although such evidence is denied by, and inconsistent with, the evidence offered by the defendant himself." *State* v. *Bidstrup* (1911), 237 Mo. 273, 140 S. W. 904. The court did not err in giving said instructions.

The appellant excepted to the following instruction given by the court on its own motion: "The defendant in this case has testified in his own behalf. His testimony should be taken and considered and weighed by you the same as that of any other witness in the case, as he is a competent witness in his own behalf and having testified to the commission of other crimes outside of the indictment in this case, this evidence is not to be considered by you for the purpose of finding him guilty of such other crimes, but soly (solely) for the purpose of weighing his evidence and in determining the weight to give his testimony in this case." He says that this instruction was prejudicial to him because he only testified to a conviction of one offense, that of assault and battery, for which he served nine months at the penal farm. It is true that he testified that he had only been convicted of one crime; but he also testified that he had committed another criminal offense. The objection made to this instruction is without merit. Other instructions to which exceptions were taken are not presented by appellant.

The evidence was sufficient to sustain the verdict of

the jury and it does not appear that the verdict
6. was contrary to law. The ruling on the motion
for a new trial was not erroneous.

The judgment is affirmed.