**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**

ATTORNEY FOR APPELLANT:

**MARK A. BATES**
Lake County Appellate Public Defender
Crown Point, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**BRIAN REITZ**
Deputy Attorney General
Indianapolis, Indiana



FILED

Dec 14 2012, 9:15 am

CLERK
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| BENITO D. LESIAK, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 45A03-1204-CR-183 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE LAKE SUPERIOR COURT
The Honorable Salvador Vasquez, Judge
Cause No. 45G01-1108-MR-6

**December 14, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**NAJAM, Judge**

## STATEMENT OF THE CASE

Benito Lesiak appeals his conviction for reckless homicide, a Class C felony, following a jury trial. Lesiak presents two issues for our review:

1. Whether the trial court abused its discretion when it refused to tender a proffered jury instruction.

2. Whether the State presented sufficient evidence to support his conviction.

We affirm.

## FACTS AND PROCEDURAL HISTORY

During the early morning hours of August 1, 2011, Lesiak and his live-in boyfriend Scott Philips were arguing when Lesiak stabbed Philips in his abdomen. Lesiak then called 911, reported the stabbing, and requested assistance. Hammond Police Officer Stuart Hinson was the first on the scene, arriving five minutes after the 911 call. Lesiak invited Officer Hinson inside the house and directed him to where Philips, gasping for breath, was lying in a pool of blood. In response to questions by Officer Hinson, Lesiak stated that he had stabbed Philips. Officer Hinson then called for an ambulance and placed Lesiak in handcuffs.

Philips was transported to a hospital, but he died within a few hours. An autopsy later showed that Philips died as the result of a stab wound that was 5.5 inches deep. A forensic pathologist determined that the wound was the result of a significant amount of force.

After his arrest, Lesiak told Hammond Police Detective-Sergeant Daniel Small that he had been fighting with Philips the morning of the stabbing and that if he "had had

2

a gun, [he] would have unloaded the entire clip." Transcript at 574. The State charged

Lesiak with murder. At trial, Lesiak claimed that he had stabbed Philips in self-defense.

The State presented evidence supporting the murder charge, including the testimony of

Philips' brother that during the course of several phone calls in early July 2011, Lesiak

had threatened to kill Philips. At the conclusion of the five-day trial, the jury found

Lesiak guilty of the lesser-included offense of reckless homicide, a Class C felony. The

trial court entered judgment accordingly and sentenced Lesiak to four years. This appeal

ensued.

## DISCUSSION AND DECISION

### Issue One:  Jury Instruction

Lesiak contends that the trial court abused its discretion when it did not give the

following proffered jury instruction:

> The defendant is not required to prove that the killing was accidental.
> Rather, the State has the burden of proving beyond a reasonable doubt that
> the killing was intentional or knowing and not accidental.  If after
> considering all the evidence you have a reasonable doubt that the killing
> was intentional or knowing, then you must find the accused not guilty.

Appellant's App. at 70.  As we have discussed:

> "The purpose of a jury instruction 'is to inform the jury of the law
> applicable to the facts without misleading the jury and to enable it to
> comprehend the case clearly and arrive at a just, fair, and correct verdict.'"
> Dill v. State, 741 N.E.2d 1230, 1232 (Ind. 2001) (quoting Chandler v. State,
> 581 N.E.2d 1233, 1236 (Ind. 1991)).  Instruction of the jury is left to the
> sound judgment of the trial court and will not be disturbed absent an abuse
> of discretion.  Schmidt v. State, 816 N.E.2d 925, 930 (Ind. Ct. App. 2004),
> trans. denied.  Jury instructions are not to be considered in isolation, but as
> a whole and in reference to each other.  Id.  The instructions must be a
> complete, accurate statement of the law which will not confuse or mislead
> the jury.  Id. at 930-31.  Still, errors in the giving or refusing of instructions
> are harmless where a conviction is clearly sustained by the evidence and the

3

jury could not properly have found otherwise. Id. at 933 (citing Dill, 741 N.E.2d at 1233).

Williams v. State, 891 N.E.2d 621, 630 (Ind. Ct. App. 2008). Further:

> In reviewing a challenge to a jury instruction, we consider: (1) whether the instruction is a correct statement of the law; (2) whether there was evidence in the record to support giving the instruction; and (3) whether the substance of the instruction is covered by other instructions given by the court.

Simpson v. State, 915 N.E.2d 511, 519 (Ind. Ct. App. 2009) (quotation omitted), trans. denied.

Lesiak asserts that "Indiana courts in the past have implicitly approved the giving of accident instructions where the defendant has been charged with murder." Brief of Appellant at 10 (emphasis added). But none of the case law relied upon by Lesiak includes express approval of the language used in his proffered instruction. Neither does the case law support Lesiak's contention on this issue, as our supreme court's holdings in the cited cases do not address the issue presented here. See Wrinkles v. State, 690 N.E.2d 1156 (Ind. 1997) (holding evidence did not support giving instruction on accidental killing), cert. denied, 525 U.S. 861 (1998), superseded by statute on other grounds; see also Davis v. State, 210 Ind. 550, 2 N.E.2d 983 (1936) (disapproving of jury instruction suggesting that intention to kill could be inferred from the act of the killing itself); Smith v. State, 198 Ind. 614, 154 N.E. 370 (1926) (holding defendant waived issue for failure to proffer instruction on accidental killing). Thus, to the extent that Lesiak contends that the proffered instruction is a correct statement of the law, Lesiak has not directed us to case law to support that contention.

Further, whether the evidence at trial supported giving the instruction on accidental killing is questionable given the evidence that Lesiak recklessly, knowingly, or intentionally stabbed Philips, including: (1) Lesiak's statement to Philips' brother a few weeks prior to the stabbing that Lesiak intended to kill Philips, and (2) Lesiak's statement to police that if he had had a gun on the day of the stabbing, he would have "unloaded the entire clip." Transcript at 574.

Moreover, as the State points out, the substance of the proffered instruction is covered by other instructions given by the court. In particular, the trial court instructed the jury as follows:

> It is a fundamental concept in our law that the defendant comes into court presumed to be innocent of the charge, and this presumption remains throughout the trial of the case, until and unless it is overcome by competent proof of guilt beyond a reasonable doubt.
>     Since the defendant is presumed to be innocent, he is not required to present any evidence to prove his innocence or to prove or explain anything. If at the conclusion of the trial there remains in your mind a reasonable doubt concerning the defendant's guilt, you must find him not guilty.
>
> * * *
>
> The burden is upon the State to prove beyond a reasonable doubt that the defendant is guilty of the crime charged. It is a strict and heavy burden. The evidence must overcome any reasonable doubt concerning the defendant's guilt. . . .
>     The State must prove each element of the crime charged by presenting evidence that firmly convinces each of you and leaves no reasonable doubt. The proof must be so convincing that you can rely and act upon it in this matter of the highest importance.
>
> * * *
>
> The State has the burden of disproving the defense of self-defense beyond a reasonable doubt. Before you may find the defendant guilty of the crime charged, you must find beyond a reasonable doubt that the defendant was not acting in self-defense.
>
> * * *
>
> Before you may convict the defendant of Murder, the State must have proven each of the following elements:

5

1. The defendant
2. knowingly or intentionally
3. killed
4. Scott Philips by means of a knife, a deadly weapon.

If the State failed to prove each of these elements beyond a reasonable doubt, you must find the defendant not guilty.

Appellant's App. at 73, 84-85, 95.

In Smith, after holding that the defendant had waived the issue of the giving of a jury instruction on accidental killing for failure to proffer any such instruction at trial, our supreme court noted that:

> [I]t should be said that the court instructed the jury as to murder in the second degree, stating that the killing had to be done purposely and maliciously, but without premeditation; and in another instruction informed the jury that if they found from the evidence beyond a reasonable doubt that Rose Johnson was killed by the defendant, their next inquiry would be whether it was done purposely, that is intentionally or designedly. These instructions, in effect, stated that the defendant should not be found guilty, if the jury believed from the evidence that the killing was accidental and not unlawful.

154 N.E. at 371 (emphasis added). Likewise, here, where the trial court tendered several instructions regarding the State's burden to prove that Lesiak acted knowingly, intentionally, or recklessly[1] when he stabbed Philips, the instructions, read as a whole, "in effect" instructed the jury to find Lesiak not guilty if the evidence showed that the stabbing was accidental. See id. The trial court did not abuse its discretion when it refused Lesiak's proffered jury instruction on accidental killing.[2]

---

[1] The trial court also instructed the jury on the lesser-included offense of reckless homicide.

[2] Because we hold that the trial court did not abuse its discretion in instructing the jury, we need not address Lesiak's contention that the trial court committed fundamental error when it refused the proffered instruction.

**Issue Two:  Sufficiency of the Evidence**

Lesiak also contends that the State presented insufficient evidence to support his

conviction.  When the sufficiency of the evidence to support a conviction is challenged,

we neither reweigh the evidence nor judge the credibility of the witnesses, and we affirm

if there is substantial evidence of probative value supporting each element of the crime

from which a reasonable trier of fact could have found the defendant guilty beyond a

reasonable doubt.  Wright v. State, 828 N.E.2d 904, 905-06 (Ind. 2005).  It is the job of

the fact-finder to determine whether the evidence in a particular case sufficiently proves

each element of an offense, and we consider conflicting evidence most favorably to the

trial court's ruling.  Id. at 906.

To prove reckless homicide, the State was required to present evidence that Lesiak

recklessly killed Philips.  See Ind. Code § 35-42-1-5.  A person engages in conduct

"recklessly" if he engages in the conduct in plain, conscious, and unjustifiable disregard

of harm that might result and the disregard involves a substantial deviation from

acceptable standards of conduct.  Ind. Code § 35-41-2-2(c).

Lesiak first maintains that the State did not present sufficient evidence to rebut his

claim of self-defense.  As our supreme court has explained:

> A valid claim of defense of oneself or another person is legal justification
> for an otherwise criminal act.  Ind. Code § 35-41-3-2(a); Wallace v. State,
> 725 N.E.2d 837, 840 (Ind. 2000).  In order to prevail on such a claim, the
> defendant must show that he:  (1) was in a place where he had a right to be;
> (2) did not provoke, instigate, or participate willingly in the violence; and
> (3) had a reasonable fear of death or great bodily harm.  McEwen v. State,
> 695 N.E.2d 79, 90 (Ind. 1998).  When a claim of self-defense is raised and
> finds support in the evidence, the State has the burden of negating at least
> one of the necessary elements.  Id.  If a defendant is convicted despite his
> claim of self-defense, this Court will reverse only if no reasonable person

7

> could say that self-defense was negated by the State beyond a reasonable doubt. Taylor v. State, 710 N.E.2d 921, 924 (Ind. 1999). . . . The standard of review for a challenge to the sufficiency of evidence to rebut a claim of self-defense is the same as the standard for any sufficiency of the evidence claim. Sanders v. State, 704 N.E.2d 119, 123 (Ind. 1999). We neither reweigh the evidence nor judge the credibility of witnesses. Id. If there is sufficient evidence of probative value to support the conclusion of the trier of fact, then the verdict will not be disturbed. Id.

Wilson v. State, 770 N.E.2d 799, 800-01 (Ind. 2002).

Lesiak's argument on this issue amounts to nothing more than a request that we reweigh the evidence, which we will not do. The State presented sufficient evidence to rebut both the second and third elements of Lesiak's self-defense claim, namely, that he did not provoke, instigate, or participate willingly in the violence and that he had a reasonable fear of death or great bodily harm. See McEwen, 695 N.E.2d at 90. In particular, while Lesiak testified that Philips had head-butted him, hit him in the face, and slammed his head into the refrigerator while they were fighting, Officer Hinson testified that he did not observe anything suggesting that an altercation had preceded the stabbing. Officer Hinson testified further that he observed no injuries on Lesiak's person other than a "mark on his lip." Transcript at 189.

Lesiak next contends that the State presented insufficient evidence to prove that he acted recklessly when he stabbed Philips. Again, a person engages in conduct "recklessly" if he engages in the conduct in plain, conscious, and unjustifiable disregard of harm that might result and the disregard involves a substantial deviation from acceptable standards of conduct. Ind. Code § 35-41-2-2(c). In support of his contention on this issue, Lesiak directs us to his trial testimony that he was merely holding the knife to "show [Philips he was done arguing]" when Philips "rushe[d] into" him and caused the

8

knife to enter his abdomen.  Transcript at 525-26.  But, again, Lesiak asks that we reweigh the evidence.  The jury was entitled to, and apparently did, disregard Lesiak's version of events.  The State presented sufficient evidence to support Lesiak's conviction.

Affirmed.

FRIEDLANDER, J., and BRADFORD, J., concur.